G. E. GREEN, ADMINISTRATOR OF N. J. CHRISMON, DECEASED. AND MARTHA GREEN CHRISMON, WIDOW OF SAID N. J. CHRISMON, DECEASED, v. A. F. CHRISMON AND WIFE, LANA CHRISMON; G. T. CHRISMON AND WIFE, LIZZIE CHRISMON; SALLIE APPLE AND HUSBAND, L. A. APPLE; EMMA BROOKS AND HUSBAND, J. W. BROOKS; LIZZIE KERNODLE, WIDOW; RACHEL JANE HALL, WIDOW; AUBREY CHRISMON AND WIFE, MARY CHRISMON; MARVIN CHRISMON AND WIFE, RUTH CHRISMON; BRYANT CHRISMON AND WIFE, OLLIE CHRISMON; IVIE CHRISMON AND WIFE, BEULAH CHRISMON; WILLIE CHRISMON AND WIFE, MAUDE CHRISMON; ANNIE CHRISMON, SINGLE; LORENE CHRISMON, SINGLE; HAROLD KEY AND WIFE, RUTH KEY; ERVIN KEY AND WIFE, VERDIE KEY; LILLIAN KEY POWELL AND HUSBAND, IRVIN POWELL: RUTH HUFFINES AND HUSBAND, FRANK HUFFINES; MADALENE ANDREWS AND HUSBAND, ODELL ANDREWS, ALL OF FULL AGE; EARLINE CHRISMON AND ERNALEE CHRISMON, MINORS UNDER THE AGE OF TWENTY-ONE YEARS.

(Filed 15 December, 1943.)

**1. Process § 2—**

The rule of the statutes is that, in order to bring a defendant into court and hold him bound by its decree, in the absence of waiver or voluntary appearance, a summons must be issued by the clerk and served upon him by the officer within ten days after date of issue; and that, if not served within that time, the summons must be returned, with proper notation, and *alias* or *pluries* summons issued and served in accordance with the statute, otherwise the original summons loses its vitality and becomes *functus officio* and void. C. S., 476, 480, 481, 753.

**2. Same—**

An *alias* or *pluries* summons, C. S., 480, *must* be served within ninety days after the date of issue of the next preceding summons in the chain of summonses, if the plaintiff wishes to avoid a discontinuance. The word "may" in this statute means "must."

**3. Process § 3—**

Where summons was not served on defendants until after ten days of its issuance, a discontinuance resulting, and a decree made in the cause, based on the invalid service; and subsequently, notice to show cause why such decree should not be confirmed and such service adjudged sufficient was duly served on defendants, and some of them answered, it would appear that all defendants are now in court and the matter may proceed on proper pleas.

APPEAL by G. E. Green, administrator of Martha Green Chrismon, from *Bobbitt, J.,* at May Term, 1943, of GUILFORD. Affirmed.

Plaintiff, administrator of Martha Green Chrismon, filed petition and motion in the cause for confirmation of the judgment previously rendered in a proceeding between the parties, and for adjudication that the service of the summons on the defendants in that proceeding was sufficient.

The facts pertinent to the issue involved may be summarized as follows: In 1940 G. E. Green, administrator of N. J. Chrismon, filed petition to sell land to make assets to pay debts. The heirs of the intestate were made parties defendant. It was admitted that the summons was issued and delivered to plaintiff for service 15 August, 1940, received by the sheriff 21 September, and served on twenty-four of the defendants 23 September, 1940. None of the defendants were served within ten days of issuance of summons. No answer was filed or appearance made except by guardian *ad litem* of two infant defendants. Decree of sale was entered 2 December, 1940, and thereafter sale confirmed and deed delivered 20 January, 1941. The title of the purchaser at the sale, who was Martha Green Chrismon, and that of her administrator and heirs now claiming under her, was thereafter questioned by a prospective purchaser, and thereupon G. E. Green, her administrator and heir, served notice on the defendants to show cause why the original judgment should not be confirmed and the service of summons on them adjudged to have been sufficient. Defendants, answering the motion, alleged that the service was invalid and the order of sale void. From an adverse ruling of the clerk, the defendants appealed to the judge of the Superior Court, who held that the attempted service of the summons on the defendants was a nullity, and that the judgment decreeing the sale was void.

From judgment denying his motion and dismissing his petition, plaintiff, administrator of Martha Green Chrismon, appealed.

*Hoyle & Hoyle and Glidewell & Glidewell for plaintiff, appellant.*
*Sharp & Sharp and Henderson & Henderson for defendants, appellees.*

DEVIN, J. Is the service of a summons on the defendant more than ten days after the date on which it is made returnable sufficient to bring the defendant into court, and to render a judgment by default based thereon valid and binding?

The answer to this question must be sought in the statutes regulating procedure, as interpreted by this Court. The matter here brought in question arose in a special proceeding. By C. S., 753, it is required that special proceedings be commenced by summons, and that the manner of service shall be the same as that prescribed for civil actions. It is by this section provided that the summons shall command the defendant to appear and answer the petition within ten days after service. In civil actions the defendant must appear and answer within thirty days after service. Common to both forms of action is the requirement that the summons be returned by the officer to the clerk. In C. S., 476, as amended by ch. 66, Public Laws 1927, is contained this provision: "Summons must be served by the sheriff to whom it is addressed for

service within ten days after the date of issue. . . . and, if not served within ten days after date of the issue upon every defendant, must be returned by the officer holding the same for service, to the clerk of the court issuing the summons, with notation thereon of its non-service and the reasons therefor as to every defendant not served."

Section 480 of Consolidated Statutes regulates what shall be done in case of failure to serve within ten days, as follows: "When the defendant in a civil action or special proceeding is not served with summons within the time in which it is returnable, the plaintiff may sue out an *alias* or *pluries* summons, returnable in the same manner as original process. An *alias* or *pluries* summons may be sued out at any time within ninety (90) days after the date of issue of the next preceding summons in the chain of summonses." The use of the word "may" in this statute has been by this Court interpreted to mean "must," if the plaintiff wishes to avoid a discontinuance. *McGuire v. Lumber Co.,* 190 N. C., 806, 131 S. E., 274.

It seems clear that the rule prescribed by these statutes is that in order to bring a defendant into court and hold him bound by its decree, in the absence of waiver or voluntary appearance, a summons must be issued by the clerk and served upon him by the officer within ten days after date of issue, and that if not served within that time the summons must be returned by the officer to the clerk with proper notation. Then, if the plaintiff wishes to keep his case alive, he must have an *alias* summons issued. In the event of failure of service within the time prescribed, the original summons loses its vitality. It becomes *functus officio.* There is no authority in the statute for the service of that summons on the defendant after the date therein fixed for its return, and if the plaintiff desires the original action continued, he must cause *alias* summons to be issued and served.

In *Hatch v. R. R.,* 183 N. C., 617, 112 S. E., 529, it was said: "After the return day the writ lost its vitality and service thereafter made could not confer upon the court jurisdiction over the defendant so served." While the decision in that case antedated the amendment to the statute now in force, the principle is the same. Manifestly, the court regarded the provision of the statute fixing a definite time for the return of process as mandatory. This statement of the law was quoted 'with approval in *McGuire v. Lumber Co., supra.*

At the time of the decision in the *McGuire case* referred to (1925), the statute then in force made the summons returnable in not less than ten nor more than twenty days from issuance. The summons in that case was issued 10 July, and made returnable 28 July. It was not served or returned within the time fixed. The Court said: "Therefore, when the plaintiff failed to take any steps, whatever, to sue out an *alias*

summons on the return date, to wit, 28 July, 1925, the sheriff of Swain County, having not returned the process prior to that time showing whether service had been made or not, a discontinuance resulted as is contemplated in C. S., 480, 481."

In *Webster v. Laws,* 86 N. C., 179, referring to a summons issued by a justice of the peace, *Chief Justice Smith,* speaking for the Court, used this language : "The process not having been served, was exhausted on the day fixed for its return, and the action was in law then discontinued. This has been repeatedly decided in this Court."

In *Neely v. Minus,* 196 N. C., 345, 145 S. E., 771, the facts were these : The first summons was issued on 29 January, 1927, and kept alive by *alias* or *pluries* summons.  On 1 September, 1927, a summons marked "original" was issued by the clerk and returned "defendant not to be found."  Thereafter, 13 September, 1927, a *pluries* summons was issued, and no return made.  Thereafter, on 5 October an original summons was issued by the clerk and directed to the sheriff of another county. This was served 8 October.  The Court said : "From the record facts as set out, there is a clear discontinuance of the cause between 1 September, 1927, and 5 October, 1927."  See also *Gower v. Clayton,* 214 N. C., 309, 199 S. E., 77, where the ruling upon the facts as stated by *Winborne, J.,* was as follows : "Here, while Mrs. W. M. Priddy was named a party defendant to the tax foreclosure suit, she was not served with original summons.  The process was not kept alive by *alias* and *pluries* summons as required by statute.  C. S., 480.  This worked a discontinuance of the action as to her."

In McIntosh Prac. & Proc., 312, 313, the author states the rule as follows : "When a definite return day was named in the summons, it was to be served, and the return should show that it was served, before the return day, since the officer must return it on or before the return day named.  After the return day has passed, the summons has lost its vitality, and a service would be invalid ; but the defect might be cured by a general appearance. . . . As has been stated above, after the return day the summons in the hands of the officer has lost its vitality, and a service thereafter is invalid . . ."  We find the same general rule stated in 50 C. J., 487, as follows : "After the return day, the writ being *functus officio,* service of it is ineffective.  So, where service is returnable to a term of court, its service after the appearance term, without an order extending it, is a nullity, as is service not made within an extension of time ordered by the court."  And from 42 Am. Jur., 26, we quote : "Service may not be effected before the commencement of the suit, or after the return day.  A writ or process which has not been served and under which nothing has been done expires on the return day, and thereafter confers no authority, unless, by virtue of statute or

of some act of the court itself, the right of the officer to serve the same is extended. Where the law requires summons to be served a certain number of days before the return day, a service otherwise made is void and confers no jurisdiction over the defendant."

A similar statement of the rule is found in other jurisdictions. In *Blanton Banking Co. v. Taliaferro,* 262 S. W., 196 (Texas Civil Appeals), it was said: "Plaintiff in error contends that the citation became *functus officio* and void after the return day, and that the service obtained thereunder was void and failed to give the court jurisdiction over defendants, and that the judgment by default rendered against it is a nullity. This contention is correct."

In *Hennoke v. Strack,* 101 S. W. (2d), 743 (Mo.), after giving approval to the principle that the court can obtain jurisdiction only by service of process in the manner prescribed by the statute, in the absence of waiver or voluntary appearance, the Court said: "Service of the writ after the beginning of the term to which it is returnable is no service. The writ in such case is *functus officio,* dead." See also *Brown v. Tomberlin,* 137 Ga., 596, where in the headnote it is said: "Mere service of original petition and process on a defendant, made after appearance term of the court to which it is returnable, is a nullity."

A clear statement of the rule will be found in the case of *Mussina v. Cavazos,* 6 Wall. (U. S.), 355, from which we quote: "The ground of that decision (*Castro v. U. S.,* 3 Wall., 46), and also of the case of *Villabolos v. U. S.,* 6 How., 81, which preceded it, is the general principle, that all writs, which have not been served, and under which nothing has been done, expire on the day to which they were made returnable. They no longer confer any authority; an attempt to act under them is a nullity, and new writs are necessary, if the party wishes to proceed. Hence we have the *alias* writ, and others in numerical succession indefinitely."

Consideration of these statements of the applicable principles of law leads us to the conclusion that the statutes which gave to the court power to adjudicate the cause, and to decree a sale of the land which would divest the title of the defendants, also pointed out the manner in which jurisdiction might be obtained and the procedure by which the defendants should be bound and their title barred, and that unless this were followed, the power of the court to order a valid sale would be lacking. The right of the plaintiff to the relief sought must wait on the orderly procedure by which it is to be judicially determined.

The cases cited by plaintiff may not be held controlling on the facts of this case. In *Nall v. McConnell,* 211 N. C., 258, and *Stafford v. Gallops,* 123 N. C., 19, where judgments were entered within ten days of the service of the summons, it was held that the irregularity was not fatal

as the defendants in those cases had been duly served, and the clerk was not bound to dismiss the action, but should allow the statutory time for appearance.

In *Morrison v. Lewis,* 197 N. C., 79, 147 S. E., 729, the action in Guilford was dismissed on the ground that there was another suit for the same cause between the same parties pending in Surry. It appeared that in the Surry suit the summons, though issued before the one in Guilford, was served after the return date. But it was held that, nothing else appearing, the action was regarded as pending from the time the summons left the clerk's office for the purpose of being served. In that case it was said in the opinion by *Chief Justice Stacy*: "Of course, if the summons be not served on or before the day fixed for its return, a discontinuance of the action results therefrom. *Neely v. Minus,* 196 N. C., 345. And if a discontinuance be worked by failure to serve the summons by the return date, and not until that time, it would seem to follow that the action was pending from the time the summons left the clerk's hands for the purpose of being served."

In *Vick v. Flournoy,* 147 N. C., 209, 60 S. E., 978, it was held that the absence of a seal on a summons to be served out of the county would not be fatal when the defendants were properly served and thus had lawful notice of the action. It was said: "If the officer has acted without it, the absence of a seal is only an irregularity, which may be cured now by having the seal affixed."

While the summons in this case was attempted to be served on the defendants more than thirty days after the date of its issuance and they thus had actual knowledge of the proceeding, this alone may not be held sufficient to bind them. There was neither waiver nor voluntary appearance. The defendants had the right to rely on the invalidity of the service. However, subsequently, notice to show cause why the original decree should not be confirmed and the service of summons adjudged sufficient was duly served on the defendants, and some of them answered. Thus it would seem that all the defendants are now in court. While this would not have the effect of validating the original decree which was rendered without proper service, *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311, it is open to the defendants to set up such defenses, and equally to the plaintiffs to file such pleas as they may be advised are proper in the premises.

As the court below declined to rule on the question of equitable estoppel raised by movant, holding that the only question presented was the sufficiency of the service of the original summons, it is still open to the plaintiffs to show facts which would support such a plea.

On the record the judgment of the Superior Court must be
Affirmed.