CARL E. DEATON v. GRADY JUNIOR THOMAS.

(Filed 14 October, 1964.)

1. **Process § 2—**

   A summons which is not delivered to the sheriff or to someone for him
   expressly or by implication, but is delivered by the clerk to the attorney
   for plaintiff, and retained in the possession of the attorney, is not issued.

2. **Process § 3—**

   In order for plaintiff to be entitled to an extension of time for service of
   summons under G.S. 1-95, it is necessary that the clerk endorse the exten-
   sion of time upon a live summons, G.S. 1-89, and where, after the return of
   the original summons "not to be found" the summons is not again issued
   by the clerk to an officer for service but is delivered to the attorney for
   plaintiff, who keeps the summons in his possession for over 90 days, such
   summons may not thereafter be used as a basis for the issuance of an alias
   process or an extension of time for service.

APPEAL by defendant from *Brock, S.J.*, 3 February 1964 Schedule
"D" nonjury Session of MECKLENBURG.

This is a civil action for personal injuries in which the defendant in
his answer pleaded the pendency of a prior action between the parties
in the Superior Court of Gaston County, North Carolina, in abatement
of plaintiff's action.

This cause of action arose out of an automobile collision which oc-
curred in Gaston County on 17 February 1963, between an automobile
owned by Carl E. Deaton and driven by Sadie L. Ledbetter, a resident
of Mecklenburg County, and an automobile owned and driven by the
defendant Grady Junior Thomas (Grady Thomas, Jr.), a resident of
Gaston County.

On 3 April 1963, summons was issued by a Deputy Clerk of the Su-
perior Court of Gaston County entitled *Grady Thomas, Jr. v. Carl Ed-
ward Deaton and Sadie L. Ledbetter,* directing the Sheriff of Mecklen-
burg County to serve the summons on the defendants. The summons
was received by the Sheriff of Mecklenburg County on 4 April 1963,
and on 17 April 1963 the Sheriff of Mecklenburg County made the
following return thereon: "I hereby return the within Summons without

service for the following reasons: After due and diligent search the defendants, Carl Edward Deaton and Sadie Ledbetter, not to be found in Mecklenburg County," and the summons was returned forthwith to the Clerk of the Superior Court of Gaston County.

A complaint was filed in the Gaston County action by Grady Thomas, Jr. on 23 April 1963 and an additional ten days allowed for its service.

The following order was entered on the original summons and signed by an Assistant Clerk of the Superior Court of Gaston County: "The time of service of this Summons is hereby extended until May 13, 1963. Witness my hand this 23rd day of April, 1963."

The foregoing order and summons were not sent to the Sheriff of Mecklenburg County, nor to the Sheriff of any county. No attempt was made to serve the summons; instead, counsel for Grady Thomas, Jr. took the summons from the Clerk's office and kept it in his possession until 20 May 1963, at which time said counsel presented the original summons and order to the Clerk of the Superior Court of Gaston County and procured the entry of the following order on the original summons and signed by the Clerk of the Superior Court of Gaston County: "Upon application of the plaintiff through counsel, it is hereby ordered that the time for serving the within Summons be, and the same is hereby extended for a period of twenty days from this date. This May 20, 1963." The summons as extended was redelivered to counsel for Grady Thomas, Jr., and was kept by him in his briefcase and never delivered to the Sheriff of Mecklenburg County, or to anyone, for service, but, on the contrary, remained in the possession of counsel for Grady Thomas, Jr.

The plaintiff herein commenced this action against the defendant herein, Grady Junior Thomas (Grady Thomas, Jr.), in the Superior Court of Mecklenburg County on 5 July 1963. The summons was sent to and received by the Sheriff of Gaston County on 9 July 1963 and duly served on the defendant herein on 9 July 1963. A duly verified complaint was filed in this cause by the plaintiff herein on 19 July 1963, with an order for service of the complaint being signed on said date, and said complaint and order for service of the complaint were served on the defendant herein by the Sheriff of Gaston County on 22 July 1963.

The time for serving summons and complaint in the Gaston County action was purportedly extended by the Clerk of the Superior Court of Gaston County on 1 August 1963 for twenty days, and the summons and complaint were sent to the Sheriff of Mecklenburg County and were received on 2 August 1963 and served on the defendant, Carl E.

Deaton, on 3 August 1963 by a Deputy Sheriff of Mecklenburg County. After the officer made his return of service, the original summons and orders attached thereto were forthwith returned to the Clerk of the Superior Court of Gaston County.

The defendant herein filed a duly verified answer in this action and pleaded the pendency of his action instituted in the Superior Court of Gaston County, on 3 April 1963, in bar of the right of the plaintiff herein to maintain this action.

The plea in bar was heard before Brock, S.J., Judge Presiding at the above session of the Superior Court of Mecklenburg County. The court held that the summons in the Gaston County action, signed on 1 August 1963, was served after a break in the chain of summonses, and that the action in Gaston County was a new action effective from and after 1 August 1963, and overruled the plea in abatement.

The defendant appeals, assigning error.

*Hollowell & Stott; Kenneth R. Downs for plaintiff appellee.*

*Carpenter, Webb & Golding; Childers & Fowler for defendant appellant.*

DENNY, C.J.   G.S. 1-95 in pertinent part provides: "When the defendant in a civil action or a special proceeding is not served with summons within the time allowed for its service, it shall not be necessary to have new process issued. At any time within ninety days after issue of the summons, or after the date of the last prior endorsement, the clerk, upon request of the plaintiff shall endorse upon the original summons an extension of time within which to serve it. The extension shall be for the same number of days, from the date of such endorsement, as were originally allowed for service. * * *"

After the original summons was issued in the Gaston County action instituted by Grady Thomas, Jr. against Carl E. Deaton and Sadie L. Ledbetter, which summons was returned unserved, the plaintiff had the statutory right to apply to the Clerk of the Superior Court of Gaston County at any time within ninety days from the date the original summons was issued, for an extension of time in which to serve said summons. However, when the order was entered on the original summons on 23 April, 1963, extending the time in which to serve the summons until 13 May 1963, the original summons became *functus officio* at the expiration of the extended time since it was never delivered to the Sheriff of Mecklenburg County for service but was kept in the possession of counsel for Grady Thomas, Jr., who made no effort to have it served. Consequently, when the order was entered on 1 August 1963

extending the time for service for twenty days, more than ninety days had elapsed since the original summons was issued on 3 April 1963. Likewise, more than ninety days had elapsed since the return of the unserved summons by the Sheriff of Mecklenburg County on 17 April 1963; in the meantime, the original summons had not been kept alive.

In order for a plaintiff to be entitled to the procurement of an extension of time to serve summons, it is contemplated by our statutes and decisions that the summons as originally issued or extended by order of the clerk, must be served by the sheriff to whom it is addressed for service within the time provided therein, and if not served within that time, such summons must be returned by the officer holding the same for service to the clerk of the county issuing the summons, with notation thereon of its nonservice and the reasons therefor as to any defendant not served. G.S. 1-89; *Green v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215.

In *United States v. American Lumber Co.* (C.C.A. 9th Cir.), 85 F. 827, it is said: "In order that the writ be deemed to be sued out, it must have left the possession of the officer who issued it, and must either have reached the possession of the officer who is to serve it, or the possession of some one who is the medium of transmission to such officer. But this is not sufficient to toll the statute of limitations. The delivery of the writ must be followed either by a service of the same or by a bona fide effort to serve it. If nothing be done with the writ after its issuance, if it be returned unserved, or without the bona fide effort to serve it, and a new writ be taken out, the date of the commencement of the suit will be postponed to the date of the second writ."

In the case of *McClure v. Fellows,* 131 N.C. 509, 42 S.E. 951, this Court said: "The summons was not *issued.* It did not pass from the hands of the clerk. It was never delivered to the sheriff nor to any one for him, expressly or impliedly. Therefore, it was never issued. *Webster v. Sharpe,* 116 N.C. 466 (at page 471). It was in process of issuance, and had it been delivered to the sheriff, or to some one for him, its issuance would have become complete and been in force and of effect from the time of the filling out and dating by the clerk."

We hold that where a summons is issued by a clerk of the superior court and such summons is never delivered to the officer to whom it is directed for service, after the time for service has been extended, such summons may not be used as a basis for the issuance of an alias process or the extension of time for service. *Atwood v. Atwood,* 233 N.C. 208, 63 S.E. 2d 103. Consequently, we hold that the order entered by the Clerk of the Superior Court of Gaston County on 1 August 1963, more

than ninety days after the issuance of the original summons, in light of the facts revealed by the record, served only to commence the Gaston County action as of 1 August 1963. *Ryan v. Batdorf*, 225 N.C. 228, 34 S.E. 2d 81.

The judgment of the court below is

Affirmed.