MARIE MOOSE WILLIAMS, PLAINTIFF, v. CARL WAYNE BRAY, DEFENDANT.

(Filed 6 March, 1968.)

**1. Appeal and Error § 28;   Process §4—**

On motion to dismiss for invalid service on defendant, the court is not required to make findings of fact, absent a request, and it is presumed that the court on proper evidence found facts sufficient to support its judgment.

**2. Actions § 10—**

A civil action is commenced by the issuance of summons, G.S. 1-88, and the date it bears is *prima facie* evidence of the date of issuance. G.S. 1-88.1.

WILLIAMS *v.* BRAY.

**3. Process § 3—**

The summons must be served on defendant by the officer to whom it is addressed within twenty days of its issuance, and if the summons is not served within the twenty days it must be returned to the clerk who issued it with a notation thereon of its nonservice and the reasons therefor. G.S. 1-89.

**4. Process §§ 2, 3;   Actions § 10—**

A summons is "issued" within the meaning of G.S. 1-88 when it is delivered by the clerk, expressly or impliedly, to the sheriff, or to someone for him, for service.

**5. Process §§ 2, 3—**

Where the evidence shows the summons was given by the issuing clerk to plaintiff's attorney who then transmitted it to the proper officer for service, and where defendant's evidence fails to rebut the presumption that the summons was issued when dated, the summons is "issued" within the meaning of G.S. 1-88 and is a proper basis for the issuance of an alias summons.

**6. Process § 3;   Actions § 11—**

If the original summons is not served on defendant within twenty days of its issuance it becomes *functus officio,* and plaintiff must then cause an alias summons to be issued and served in accordance with G.S. 1-95 to prevent a discontinuance of the action.

**7. Process § 3—**

Plaintiff may sue out an alias or pluries summons either by oral or written application to the clerk, and no order of court is necessary to the issuance of such process.

**8. Same—**

An alias summons issues only when the original summons has not been served.

**9. Same—**

Where the return on the original summons was that defendant could not be found, and where it appeared on the face of the summons that service had not been made within twenty days of its issuance, which is tantamount to a return of nonservice, the original summons was a proper basis for the issuance of an alias summons.

**10. Same;  Actions § 11—**

A summons issued within ninety days from the date of the original summons, and which referred back to the original summons, is a valid alias summons and prevents a discontinuance of the action as originally instituted.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Hasty, J.,* 24 April 1967 Non-Jury Civil Session of GUILFORD (Greensboro Division). This case was docketed and argued at Fall Term 1967 as No. 688.

Civil action to recover damages for personal injuries allegedly resulting from automobile collision occurring on 20 October 1963.

On 19 October 1966, at plaintiff's request, an assistant clerk of superior court of Guilford County issued a summons directed to the Sheriff of Rockingham County, to be served on the defendant. At the same time, upon plaintiff's application, an order was entered extending time to file complaint until 8 November 1966. The officer's return on said summons showed receipt of summons on 9 November 1966, and that defendant was not to be found in the county.

On 8 November 1966 plaintiff filed complaint in this cause and the clerk entered an order directing service thereof on defendant. On the same date plaintiff caused to be sued out of the Guilford County Superior Court an "alias and pluries" summons, directed to the Sheriff of Rockingham County, to be served on the defendant, said summons reciting in part:

"You having heretofore on the 19th day of October, 1966 been commanded to summon the defendant hereinafter named, and said summons not having been served, and this being an alias summons issued within ninety days after the date of issue of the next preceding summons in the chain of summonses:"

The officer's return thereon showed receipt of the summons and service on defendant on 16 November 1966.

On 8 December 1966, defendant entered a special appearance in the Guilford County Superior Court to vacate, set aside and quash (1) the original summons because it was never issued, and (2) the alias summons because it was improperly signed. Defendant moved to dismiss the action for the reason that the court had not properly acquired jurisdiction over the person of defendant.

On 28 December 1966, plaintiff caused to be prosecuted out of the Guilford County Superior Court an alias summons directed to the Sheriff of Rockingham County to be served on defendant. The officer's return showed receipt thereof and service on defendant on 3 January 1967. Again, on 25 January 1967, defendant, by special appearance, made a motion to dismiss.

On 1 February 1967 an order was entered directing service of the complaint. The officer's return showed receipt and service of the same on 10 February 1967. On 8 March 1967, defendant again, by special appearance, made a motion to dismiss the action.

On 24 April 1967, plaintiff's attorney filed affidavit of his secretary, Mary Ann Hyatt, which stated therein that she mailed a letter to the Sheriff of Rockingham County, containing the summons

issued on 19 October 1966. She placed the letter in a mailbox before the first scheduled morning mail pick-up, on 7 November 1966.

The cause was heard before Judge Fred H. Hasty upon defendant's motion to vacate and set aside the original summons and other motions to vacate and dismiss, filed 8 December 1966, 25 January 1967, and 8 March 1967. Thereafter Judge Hasty entered his order which, in pertinent part, provided:

"IT APPEARING TO THE COURT AND THE COURT FINDING AS A FACT after a thorough consideration of all matters and things presented as appear of record, of all things presented in open court, and of argument of counsel, that the motion to vacate and set aside the original summons should be disallowed.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Defendant's motion to vacate and set aside the original summons be and the same are hereby disallowed;"

Defendant appealed.

*Max D. Ballinger for plaintiff.*
*Jordan, Wright, Henson & Nichols and William L. Stocks for defendant.*

BRANCH, J. Appellant assigns as error the failure of the trial judge to make findings of fact relating to his motion to dismiss.

In the case of *Construction Co. v. Electrical Workers Union,* 246 N.C. 481, 98 S.E. 2d 852, the defendant made motion to dismiss the action on the ground of invalid service. The trial judge heard evidence on the motion, found no facts, and denied and overruled the motion. Defendant did not request findings of fact upon its motion to dismiss. Overruling defendant's assignment of error in respect to the motion to dismiss, this Court stated:

". . . There is no statute which required Judge Sharp to find the facts on this 'motion to dismiss and special demurrer,' and in the absence of a request that findings of fact be made, 'it is presumed that the Judge, upon proper evidence, found facts to support his judgment.' *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287."

See also Supplement, Vol. 1 Strong's N. C. Index, Appeal and Error, § 22, and the cases cited thereunder.

Here, appellant made no request for findings of fact. The evidence heard by the trial judge was uncontradicted. By authority of

cases above cited, appellant's assignment of error as to failure of the trial judge to make findings of fact is overruled.

Appellant contends that his motion to vacate and set aside the original summons was erroneously denied. This assignment of error presents the question of whether the original summons was *issued*.

A civil action is commenced by the issuance of summons, G.S. 1-88, and the date it bears is *prima facie* evidence of the date of issuance. G.S. 1-88.1. Such summons must be served by the sheriff to whom it is addressed within twenty days after the date of its issue; and if not served within twenty days after the date of its issue upon every defendant, it must be returned by the officer holding the same for service to the clerk of court issuing the summons, with notation thereon of its nonservice and the reasons therefor. G.S. 1-89.

This Court has many times considered the meaning of the word "issue" in relation to summons as affecting commencement of actions. A review of some of these cases is helpful in considering the matters decisive of this appeal.

In the case of *Webster v. Sharpe*, 116 N.C. 466, 21 S.E. 912, the Court considered when a summons was issued in connection with a plea of the statute of limitations as a bar to the action. The Court stated:

> "The presumption is that it (summons) issued at the time it bears date, and the burden is on defendant to show that it did not. . . . (Emphasis ours.)

> "An action is commenced by issuing a summons. *Code*, sec. 199. And an action is commenced when a summons is issued against a defendant. *Code*, sec. 161. This involves the question as to what is meant by the word 'issue,' and we are of the opinion that it means going out of the hands of the clerk, expressed or implied, to be delivered to the sheriff for service. If the clerk delivers it to the sheriff to be served, it is then issued; or if the clerk delivers it to the plaintiff, or some one else, to be delivered by him to the sheriff, this is an issue of the summons; or, as is often the case, if the summons is filled out by the attorney of plaintiff, and put in the hands of the sheriff. This is done by the implied consent of the clerk, and in our opinion constitutes an issuance from the time it is placed in the hands of the sheriff for service. But a summons simply filled up and lying in the office of an attorney would not constitute an issuing of the summons, as provided for in *The Code*."

The facts in the case of *McClure v. Fellows*, 131 N.C. 509, 42 S.E. 951, show that summons was filled out and signed by the clerk,

but remained in the office of the clerk and were never issued to the sheriff or to any one for him. An order of publication of summons and of a warrant of attachment was duly signed by the clerk, and the same was duly published. Defendants entered a special appearance and moved to vacate the attachment upon the ground that *no summons had issued*. The trial judge overruled the motion. Holding that the trial judge erred, this Court stated:

."The summons was not *issued*. It did not pass from the hands of the Clerk. It was never delivered to the Sheriff, nor to any one for him, expressly or impliedly. Therefore, it was never issued. *Webster v. Sharpe*, 116 N.C. 466 .(at page 471). It was in process of issuance, and had it been delivered to the Sheriff, or to some one for him, its issuance would have become complete, and been in force and of effect from the time of the filling out and dating by the Clerk."

In the case of *Green v. Chrismon*, 223 N.C. 724, 28 S.E. 2d 215, this Court in considering the issuance and service of summons, stated:

"It seems clear that the rule prescribed by these statutes is that in order to bring a defendant into court and hold him bound by its decree, in the absence of waiver or voluntary appearance, a summons must be issued by the clerk and served upon him by the officer within ten days after date of issue, and that if not served within that time the summons must be returned by the officer to the clerk with proper notation. Then, if the plaintiff wishes to keep his case alive, he must have an *alias* summons issued. In the event of failure of service within the time prescribed, the original summons loses its vitality. It becomes *functus officio*. There is no authority in the statute for the service of that summons on the defendant after the date therein fixed for its return, and if the plaintiff desires the original action continued, he must cause *alias* summons to be issued and served."

Defendant relies heavily on the case of *Deaton v. Thomas*, 262 N.C. 565, 138 S.E. 2d 201, where Thomas, on 3 April 1963, had summons issued to the sheriff of Mecklenburg County by the deputy clerk of the Superior Court of Gaston County against Deaton and another. The Mecklenburg County sheriff made his return thereof on 17 April 1963 to the effect that Deaton was not to be found in Mecklenburg County. Thomas filed complaint on 23 April 1963 and was allowed ten additional days for service. An order was entered 23 April 1963 on the original summons extending the time of service of

the summons until 13 May 1963. The order and summons were not sent to the sheriff of any county and no attempt was made to serve the summons; instead, counsel for Thomas took the summons from the clerk's office and kept it in his possession until 20 May 1963, at which time he took the original summons and order to the clerk, who endorsed a 20-day extension on the summons, dating from 20 May 1963. The summons as extended was delivered to counsel for Thomas and kept in his possession without delivery to anyone. Time for service of the summons and complaint was purportedly extended to 1 August 1963 for 20 days and was sent to the sheriff of Mecklenburg County on 2 August 1963 and served on Deaton on 3 August 1963.

Deaton commenced his action in the Superior Court of Mecklenburg County against Thomas on 5 July 1963. Summons was sent to the sheriff of Gaston County on 9 July 1963 and duly served on Thomas the same day. A duly verified complaint, filed 19 July 1963, and order of service were served on Thomas on 22 July 1963.

In his answer Thomas pleaded the pendency of his action instituted in Gaston County Superior Court on 3 April 1963 in bar of Deaton's right to maintain his action. This Court, affirming the lower court's decision which overruled the plea in abatement, stated:

". . . when the order was entered on the original summons on 23 April, 1963, extending the time in which to serve the summons until 13 May 1963, the original summons became *functus officio* at the expiration of the extended time since it was never delivered to the Sheriff of Mecklenburg County for service but was kept in the possession of counsel for Grady Thomas, Jr., who made no effort to have it served. Consequently, when the order was entered on 1 August 1963 extending the time for service for twenty days, more than ninety days had elapsed since the original summons was issued on 3 April 1963. Likewise, more than ninety days had elapsed since the return of the unserved summons by the Sheriff of Mecklenburg County on 17 April 1963; in the meantime, the original summons had not been kept alive."

The *Deaton* case is factually distinguishable from the instant case, in that in *Deaton* there was a discontinuance because counsel kept summons in his possession without any delivery or attempted delivery to the serving officer.

In the instant case summons left possession of the issuing officer and was delivered to plaintiff's attorney for delivery to the sheriff. Plaintiff's attorney caused the summons to be transmitted to the

proper officer for service. Defendant's evidence did not rebut the presumption that the summons issued at the time it was dated. The summons was "issued," and was a proper basis for the issuance of an alias summons.

We recognize, however, that since the original summons has lost its vitality, to prevent a discontinuance of the action (and thereby toll the statute of limitations), plaintiff must cause alias summons to be issued and served. *Green v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215.

G.S. 1-95, in part, provides:

> ". . . where the defendant in a civil action or special proceeding is not served with summons within twenty days, the plaintiff may sue out an alias or pluries summons, returnable in the same manner as original process. An alias or pluries summons may be sued out at any time within ninety days after the date of issue of the next preceding summons in the chain of summonses. . . ."

The duty is placed upon plaintiff to sue out the alias or pluries summons, if preceding writs have proved ineffectual, in order to avoid a discontinuance of the action. In order for the plaintiff to cause an alias or pluries summons to issue, he may apply orally or in writing to the clerk of superior court, and no order of court is necessary to authorize the clerk to issue such summons. *McIntyre v. Austin,* 232 N.C. 189, 59 S.E. 2d 586.

Appellant contends that the alias summons issued on 8 November 1966 was improper since the original summons was not in the file of the clerk of superior court of Guilford County to show whether service had been effected.

We find authority in this jurisdiction for the proposition that an alias summons issues only when the original summons has not been served. *Cherry v. Woolard,* 244 N.C. 603, 94 S.E. 2d 562; *Hatch v. R. R.,* 183 N.C. 617, 112 S.E. 529. The authorities examined do not decide the effect of attempted issuance of alias summons before return of the original summons showing no service, nor is it necessary that this question be decided in the instant case.

If the summons designated "alias and pluries" and issued on 8 November 1966 was not void because it was issued before return of the original summons, it otherwise complied with the law as being a process successively and properly issued and served so as to preserve a continuous single action referable to the date the original summons was issued. On the other hand, if the writ be void, its purported

issuance becomes surplusage and we must consider the effect of the writ designated "alias summons" which plaintiff sued out of the office of the clerk of superior court of Guilford County on 28 December 1966. The writ showed the following return:

"OFFICER'S RETURN

"Received December 1966 Jan. 3, 1967. Served December 1966 Jan. 3, 1967, by delivering to, placing in hand with, and leaving with Cary Wayne Bray a copy of:

1. This Alias Summons.

2. Application for Extension of Time to File Complaint and Order Extending Time to File Complaint.

3. Summons for Relief Where Time is Extended to File Complaint issued October 19, 1966.

4. Complaint filed in the cause on November 8, 1966.

5. Order Directing Service of Complaint, dated December 28, 1966.

Fee, $1.50          Paid  $1.50
CARL H. AXSOM, Sheriff
Rockingham County
By:  W. R. Lovelace, Deputy."

The summons in its body contained the following:

"You having heretofore on the 19th day of October, 1966, been commanded to summon the defendant hereinafter named, and said summons not having been served, and this being an alias summons issued within ninety days after the date of issue of the next preceding summons in the chain of summonses: . . ."

This writ marked "Alias Summons" was issued after the original summons had been returned to the office of the clerk of superior court of Guilford County. The original summons indicated that defendant was not to be found, and showed that the service had not been made within twenty days of its issue, which is tantamount to a return of nonservice. Thus, the original summons and the return thereon show the original to be a proper basis for the issuance of an alias summons. Further, the summons was issued within ninety days from the date of the original, and the information contained on its face made it referable and relate back to the original, so that the

action dated from the date of the issuance of the original summons. *Hatch v. R. R., supra; Ryan v. Batdorf*, 225 N.C. 228, 34 S.E. 2d 81; *Webb v. R. R.*, 268 N.C. 552, 151 S.E. 2d 19. If the writ dated 8 November 1966 did not avoid a discontinuance of the action, the process labeled "Alias Summons," which was issued 28 December 1966 and which referred back to the original summons, was a valid alias summons and was effectual in avoiding a discontinuance.

There was no discontinuance of the action as originally instituted.

The trial court correctly disallowed defendant's motions to vacate and set aside the original summons.

Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.