KATIE L. ADAMS v. LESLIE PIERRE BROOKS, JR., HAROLD WILLARD STEEN AND NORRIS EUGENE GLEAVES

No. 8420SC569

(Filed 19 March 1985)

Rules of Civil Procedure § 4— failure to deliver summons to sheriff—subsequent endorsements begin action anew

    Plaintiff could not obtain a valid endorsement of her summons when it was not delivered to any sheriff for service within 30 days of issuance. Rather, the summons expired and later endorsements constituted the filing of the action as of the date of each respective endorsement. G.S. 1A-1, Rule 4(a) and (b).

APPEAL by plaintiff from *Wood, Judge.* Orders entered 5 March 1984 in Superior Court, ANSON County. Heard in the Court of Appeals 4 March 1985.

This is a civil action wherein plaintiff seeks recovery for personal injuries received on 7 July 1976 in an automobile accident with the defendants in Anson County.

The complaint was filed on 5 July 1979, and summonses were issued on the same day in the names of each of the defendants. Extensions of time were endorsed, purportedly in accordance with G.S. 1A-1, Rule 4(d), on sixteen subsequent occasions, the last endorsement being obtained on 24 November 1982. A copy of the summons and complaint was received by the Sheriff of Anson County for service on defendant Brooks on 17 December 1982, and service was accomplished the same day. A copy of the summons and complaint was received by the Sheriff of Richmond County for service on defendant Steen on 17 December 1982, and service was accomplished on 23 December 1982.

On 25 April 1983, defendant Steen moved the court for summary judgment, asserting that the action was barred by G.S.

1-52(5). On 21 February 1984, defendant Brooks moved the court for summary judgment in his favor. On 5 March 1984, plaintiff obtained an entry of default against defendant Gleaves.

On 5 March 1984, the court granted defendant Brooks' motion for summary judgment and dismissed the action against him with prejudice. The court also granted defendant Steen's motion for summary judgment, and dismissed the case against him. Plaintiff appealed.

*Toms & Bazzle, P.A., by Ervin W. Bazzle and James H. Toms, for plaintiff, appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by C. Byron Holden and Henry C. Byrum, Jr., for defendant Brooks, appellee.*

*Wade & Carmichael, by R. C. Carmichael, Jr., for defendant Steen, appellee.*

HEDRICK, Chief Judge.

In the only assignment of error presented on appeal, plaintiff asserts that the motions for summary judgment were erroneously granted. Plaintiff contends that the applicable three year statute of limitations, G.S. 1-52(5), was tolled when the action was commenced by the filing of her complaint on 5 July 1979. Defendants assert that since plaintiff made no attempt to deliver a copy of the complaint and summons, after issuance, to the sheriff for service, that the original summons expired and that every later endorsement simply constituted the filing of this action as of the date of each respective endorsement, and that the action is thus barred by G.S. 1-52(5).

The central issue presented by this appeal is whether the timely filing of a complaint is all that is necessary to toll permanently the statute of limitations. Rule 3 of the North Carolina Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court." G.S. 1A-1, Rule 3. Plaintiff filed her complaint on 5 July 1979, seeking damages for personal injuries received on 7 July 1976. Therefore, pursuant to G.S. 1-52(5), plaintiff timely filed her action by two days.

G.S. 1A-1, Rule 4(a) provides that: "Upon the filing of the complaint, summons shall be issued forthwith, and in any event

within five days. *The complaint and summons shall be delivered to some proper person for service.*" (Emphasis added.) The summonses herein were issued on 5 July 1979. Plaintiff failed to deliver the complaint and summonses to some proper person for service.

G.S. 1A-1, Rule 4(d) provides that:

> When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:
>
> 1) The plaintiff may secure an endorsement . . . or
>
> 2) The plaintiff may sue out an alias or pluries summons. . . .

Plaintiff has failed to comply with these statutory requirements. The words "not served" in Rule 4(d) do not contemplate a lack of service because plaintiff made no effort to obtain service. Rather, "not served" means that plaintiff must have taken some action to obtain service which was not successful. Therefore, plaintiff could not obtain a valid endorsement, and could not sue out an alias summons, when no attempt had been made to serve the original summons within 30 days of issuance.

Any other result would be contrary to the policies behind G.S. 1-52(5). "The purpose of a statute of limitations is to afford security against stale demands, not to deprive anyone of his just rights by lapse of time." *Congleton v. City of Asheboro*, 8 N.C. App. 571, 174 S.E. 2d 870 (1970). To decide otherwise would encourage the timely filing of complaints, followed by a subsequent unlimited waiting period for the most advantageous time in which to litigate the case before attempting service.

The purpose behind G.S. 1A-1, Rule 4 and G.S. 1-52(5) is to give notice to the party against whom an action is commenced within a reasonable time after the accrual of the cause of action. *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978). These defendants had no knowledge of the action commenced against them on 5 July 1979 until December 1982. The record is silent as to why no attempt was made to serve these defendants

prior to this time. Both defendants filed affidavits stating that they were continuous residents of their respective counties at all times subsequent to 7 July 1976, and both defendants were found and readily served at the addresses contained in the original summonses.

We hold that the plaintiff's failure, after the timely filing of her complaint and summons, to comply with G.S. 1A-1, Rule 4(a) and (d) caused the original summonses to expire on 4 August 1979, since it was never delivered to any sheriff for service prior to the first endorsement extending time. Consequently, the summonses issued herein on 5 July 1979 could not be used as a basis for an extension of time for service. Every later endorsement simply constituted the filing of this action as of the date of each respective endorsement. Since this action was not filed against either of these defendants until 24 November 1982, the date of the last extension, it was filed more than three years following the accrual of the plaintiff's cause of action and is barred by G.S. 1-52(5). This Court has held that a defendant is entitled to judgment as a matter of law where the claim against him is barred by the statute of limitations. *Brantley v. Dunstan*, 10 N.C. App. 706, 179 S.E. 2d 878 (1971).

The orders of the trial court which granted summary judgment to these defendants are

Affirmed.

Judges JOHNSON and COZORT concur.