REBA C. SMITH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ARCHIE
WAYNE SMITH v. JOHNNIE WADE STARNES

No. 424PA85

(Filed 12 August 1986)

**Rules of Civil Procedure § 4— failure to deliver summons to sheriff within thirty
days—subsequent alias or pluries—statute of limitations tolled**

The trial court erred in granting defendant's motion for summary judg-
ment in an action arising from an automobile accident where plaintiff's com-
plaint and summons were filed just before expiration of the two-year statute of
limitations; plaintiff's summons was not delivered to the sheriff for service
within thirty days, but plaintiff attempted to have defendant accept service
within the time provided by statute; and, when that failed, plaintiff served out
a pluries summons in accordance with N.C.G.S. § 1A-1, Rule 4(d)(2) and service
was obtained within four days of delivery of the last summons to the sheriff,
but after the running of the statute of limitations. N.C.G.S. § 1A-1, Rule 4,
does not require delivery of a summons to the sheriff within thirty days of its
issuance in order for the summons to serve as the basis for the issuance of the
alias or pluries summons, and the issuance of the alias or pluries summonses in
this case tolled the statute of limitations.

Justice MEYER dissenting.

Chief Justice BRANCH joins in this dissenting opinion.

ON discretionary review of a decision of the Court of Ap-
peals, 74 N.C. App. 306, 328 S.E. 2d 20 (1985), affirming an order
granting defendant's motion for summary judgment pursuant to
Rule 56 of the North Carolina Rules of Civil Procedure by *Helms,
J.*, at the 30 January 1984 Civil Session of Superior Court, DAVID-
SON County. Heard in the Supreme Court 11 March 1986.

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by J.
Ruffin Bailey and Gary S. Parsons, for plaintiff-appellant.*

*Brinkley, Walser, McGirt, Miller, Smith and Coles, by Ste-
phen W. Coles, for defendant-appellee.*

FRYE, Justice.

This cause of action arose out of a 7 August 1980 automobile
accident in which plaintiff's intestate was killed instantly and
plaintiff's vehicle was severely damaged. Suit was duly com-
menced by the filing of a complaint and the issuance of a sum-

mons on 6 August 1982.[1] On 13 August 1982, Mr. Armentrout, plaintiff's counsel, mailed the original summons and a copy of the complaint to defendant's counsel and requested that counsel have defendant sign an enclosed acceptance of service. On 23 September 1982, defendant's counsel returned the complaint and summons by letter and stated that he had been unable to locate defendant and that service would have to be executed in another manner.

Plaintiff's attorney obtained alias or pluries summonses on 4 November 1982, 2 February 1983, 2 May 1983, and 22 July 1983. Neither the original summons nor the November, February or May alias or pluries summonses were ever delivered to the Davidson County Sheriff for service. The 22 July summons was delivered to the sheriff and served on defendant on 26 July 1983.

The trial court granted defendant's motion for summary judgment on the grounds that plaintiff's action was barred by the two-year statute of limitations.[2]

In affirming the decision of the superior court, the Court of Appeals held that plaintiff's failure to deliver the summons to the Davidson County Sheriff for service within thirty days of its issuance caused the summons to lose its "vitality," and therefore the summons could not serve as a basis for the issuance of an alias or pluries summons. Thus, plaintiff's action discontinued 5 September 1982 because service was not had on defendant within thirty days after the summons was issued (6 August 1982). The Court of Appeals further held that the subsequent issuance of the alias or pluries summonses commenced the action anew on the date of each of the summons. When the last alias or pluries summons was issued and delivered to the sheriff, the two-year statute of limitations had run, thus effectively barring plaintiff's action. The Court of Appeals stated:

> Though the action was timely instituted and the statute of limitations was tolled for a time thereby, plaintiff's failure to

---

1. An earlier action on these claims in Davidson County Superior Court was terminated by a voluntary dismissal.

2. N.C.G.S. § 1-53 provides that an action for damages on account of the death of a person caused by a wrongful act must be commenced within two years of the date of death.

get the original summons into the hands of a sheriff or other process officer caused the action to discontinue.

Rule 4(a) of the N.C. Rules of Civil Procedure requires that after an action has been commenced and a summons has been issued '[t]he complaint and summons shall be delivered to some proper person for service.' This was not done and the summons lost its vitality when the period passed when it could have been delivered to a sheriff or process officer for possible service on the defendant. That period was '30 days after the date of the issuance of summons,' since Rule 4(c) provides that the service of the summons must be made within that time, if at all. Though an action in which the summons is unserved can continue in existence beyond 30 days after the date the summons was issued, for it to do so two things must happen according to Rules 4(c) and (d) of the N.C. Rules of Civil Procedure. First, the unserved original summons must be returned to the court by the officer it was delivered to with an explanation as to why it was not served. Second, the original summons must be supplemented by either a timely endorsement thereto or a timely sued out alias or pluries summons . . . . Thus, under the facts recorded the action discontinued on 5 September 1982 and the statute of limitations had long since run when defendant was eventually served with process several months later.

74 N.C. App. at 308-09, 328 S.E. 2d at 22.

Plaintiff contends that the Court of Appeals erred in holding that under Rule 4 a summons not delivered to the sheriff within thirty days after it is issued may not serve as a basis for the issuance of an alias or pluries summons. Plaintiff argues that since her complaint and summons were timely filed and the issuance of the alias or pluries summons tolled the applicable statute of limitations, the trial judge erred in granting defendant's motion for summary judgment. For the reasons stated in this opinion, we agree with the plaintiff's contention, and accordingly reverse the decision of the Court of Appeals.

There is no evidence or contention in this case that the complaint and summons were filed or issued in bad faith or that they were interposed for delay or otherwise subject to dismissal as a sham and false pleading pursuant to Rule 11(a) of the North Caro-

lina Rules of Civil Procedure. *See Estrada v. Burnham*, 316 N.C. 318, 341 S.E. 2d 538 (1986). Nor are we presented with a motion for involuntary dismissal for failure of the plaintiff to prosecute an action pursuant to Rule 41(b). We are presented, rather, with a simple question of whether a duly issued summons not served or delivered to the sheriff for service within thirty days of its issuance may nevertheless serve as the basis for an alias or pluries summons so as to toll the statute of limitations.

N.C.G.S. § 1A-1, Rule 4,[3] provides in pertinent part:

(a) *Summons—Issuance; Who May Serve.* Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days. *The complaint and summons shall be delivered to some proper person for service.* In this State, such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons . . . . *A summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so.* The date the summons bears shall be prima facie evidence of the date of issue.

. . . .

(c) *Summons—Return.* Personal service or substituted personal service of summons as prescribed by Rule 4(j)(1)a and b, must be made within 30 days after the date of the issuance of summons . . . . *But failure to make service within the time allowed shall not invalidate the summons.* If the summons is not served within the time allowed upon every party named in the summons, it shall be returned immediately upon the expiration of such time by the officer to the clerk of the court who issued it with notation thereon of its non-service and the reasons therefor as to every such party not served, but failure to comply with this requirement shall not invalidate the summons.

(d) *Summons—Extension; Endorsement, Alias and Pluries.* When any defendant in a civil action is not served within the time allowed for service, the action may be continued

---

3. All references herein to "rules" are to the North Carolina Rules of Civil Procedure, Chapter 1A-1 of the North Carolina General Statutes (1983), unless otherwise specified.

in existence as to such defendant by either of the following methods of extension:

. . . .

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

. . . .

(e) *Summons—Discontinuance. When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed.* Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.

(Emphases added.)

We do not believe that a correct interpretation of Rule 4 requires delivery of the summons to the sheriff within thirty days of its issuance in order that the summons may later serve as a basis for the issuance of an alias or pluries summons. Although section (a) provides that the complaint and summons shall be delivered to the sheriff of the county where process is to be made, the rule provides no sanction for a party's failure to make such a delivery. Section (c) expressly provides that the sheriff's failure to make service within the time allowed under the statute shall not invalidate the summons. Nor will the sheriff's failure to return an unserved summons invalidate the summons. N.C.G.S. § 1A-1, Rule 4(c) (1983). Section (e) controls in determining when an action is discontinued. It provides that a summons is discontinued as to any defendant not served within the time allowed when there is "neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d) . . . ." There is no provision in section (e) concerning a party's failure to deliver the summons to the sheriff for service. In light

of the clear language of Rule 4(e) on the discontinuance of a summons, there is no justification for construing the rule to require delivery of the summons to the sheriff within thirty days of its issuance to keep the summons alive.

In the case at hand, it is clear that plaintiff's summons had not been discontinued prior to being served on defendant. Plaintiff's complaint and summons were filed 6 August 1982 — before the expiration of the two-year statute of limitations. Although plaintiff's summons was never delivered to the sheriff for service, plaintiff attempted to have defendant accept service within the time provided in the statute. When this failed, plaintiff sued out alias or pluries summonses in accordance with Rule 4(d)(2). Under the language of Rule 4, plaintiff was successful in keeping her original summons alive, and therefore the trial judge erred in granting defendant's motion for summary judgment.

In its opinion, the Court of Appeals cited *Adams v. Brooks*, 73 N.C. App. 624, 327 S.E. 2d 19, *disc. rev. denied*, 313 N.C. 596, 332 S.E. 2d 177 (1985), as authority for its decision in the instant case. In *Adams* the Court of Appeals held that the plaintiff's summons "could not be used as a basis for an extension of time for service" since the summons was not delivered to the sheriff for service on defendant within thirty days of its issuance. *Id.* at 627, 327 S.E. 2d at 21. According to the court, the summons expired thirty days after it was issued and later endorsements resulted in the filing of the action anew as of the date of each endorsement. The court in *Adams* cited no direct authority for its decision. Since *Adams* is inconsistent with our holding in the instant case, it is hereby overruled.

A case decided by this Court, not cited in the opinion of the Court of Appeals, *Deaton v. Thomas*, 262 N.C. 565, 138 S.E. 2d 201 (1964), held that a summons issued by the clerk but never delivered to the sheriff to whom it was directed for service may not serve as a basis for the issuance of an alias process or the extension of time for service. This case was decided under our old rules of civil procedure and relied, in part, on earlier decisions[4] which held that a summons was not issued until it was delivered

---

4. *McClure v. Fellows*, 131 N.C. 509, 42 S.E. 951 (1902); *United States v. American Lumber Co.*, 85 F. 827 (C.C.A. 9th Cir. 1898).

to the sheriff for service. Those cases are no longer controlling on the question of when a summons is issued since Rule 4(a) expressly provides that "a summons is issued when, after being filled out and dated, it is signed by the officer having authority to do so." The clerk is an officer having such authority. In the instant case, it is without question that the original summons and alias or pluries summonses were duly issued under Rule 4(a).

We conclude that plaintiff's failure to deliver the summons to the sheriff within thirty days after it was issued did not preclude the original summons from serving as a basis for the issuance of the alias or pluries summons. Plaintiff's action was timely commenced upon the filing of her complaint and summons, and the subsequent issuance of the alias or pluries summonses tolled the statute of limitations until service could be had on defendant. Therefore, the trial judge erred in granting defendant's motion for summary judgment.

The decision of the Court of Appeals is

Reversed.

Justice MEYER dissenting.

I dissent. There are two extraordinarily grievous faults in the majority opinion. First, Rule 4 of the North Carolina Rules of Civil Procedure was applied incorrectly. The rule provides for service of summons by designated methods. Our cases have consistently declared: " '[W]here a statute provides for service of summons or notices in the progress of a cause by certain persons or by designated methods, the specified requirements must be complied with or there is no valid service.' " *Guthrie v. Ray*, 293 N.C. 67, 69, 235 S.E. 2d 146, 148 (1967) (quoting *S. Lowman v. Ballard & Co.*, 168 N.C. 16, 18, 84 S.E. 21, 22 (1915)). Second, I believe that the correct interpretation of Rule 4 requires that delivery of the summons to the sheriff within thirty days of its issuance *must* be accomplished in order to allow the summons to later serve as a basis for the issuance of an alias or pluries summons. *Deaton v. Thomas*, 262 N.C. 565, 138 S.E. 2d 201 (1964).

Rule 4(a) clearly provides that:

The complaint and summons *shall* be delivered to some proper person for service. In this State, such proper person shall

be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons.

N.C.G.S. § 1A-1, Rule 4(a) (1983) (emphasis added).

Rule 4(j) provides in pertinent part:

(j) *Process—Manner of service to exercise personal jurisdiction.*—In any action commenced in a court of this State having jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:

(1) Natural Person. . . .:

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept services of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C.G.S. § 1A-1, Rule 4(j) (1983).

The above rules provide three methods by which a valid service of process may occur. In this case, plaintiff's counsel never attempted service by any one of the three statutorily authorized methods. The "attempted" service here was merely the sending by regular mail of a copy of the summons to defendant's counsel in a letter requesting that defendant accept service. Plaintiff's counsel made the following answer in response to an interrogatory:

The Summons issued August 6, 1982, was taken out, and an additional Acceptance of Service was prepared and forward-

ed to the attorney for the Defendant Johnnie Wade Starnes, who indicated he would have his client accept service. The same was returned some weeks later, indicating that the Defendant could not be located, and service would have to be had another way. Thereupon, the attorney for Plaintiff attempted to find out where the Defendant was living and/or working and was able to obtain this information many months later.

Though, if successful, this method would have effectuated the equivalent of service and made any attempt at actual service unnecessary, it is by no means an attempt to serve the summons by any one of the statutorily authorized methods. Because plaintiff's attorney failed to comply with Rule 4, the original summons was discontinued thirty days after its issuance.

Although the majority states that "plaintiff attempted to have defendant accept service within the time provided in the statute," the majority fails to explain what happened to the original summons after defendant's counsel returned it or why what was done with it met any statutory requirement.

Even the majority should concede that in order for the original summons to serve as the basis for an alias and pluries summons, there must be some attempt at delivery by one of the statutory methods and that such was not accomplished in this case. Without an attempted service, the summons expires and any later endorsements by the clerk constitute the filing of the action as of the date of each respective endorsement. N.C.G.S. § 1A-1, Rule 4(a) and (b) (1983).

The North Carolina Rules of Civil Procedure must be strictly adhered to in order to preserve the integrity of our system for service of process. The purpose behind Rule 4 in North Carolina is " 'to provide the mechanisms for bringing notice of the commencement of an action to defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit.' " *Wiles v. Construction Co.*, 295 N.C. 81, 84, 243 S.E. 2d 756, 758 (1978) (quoting Wright & Miller, *Federal Practice and Procedure*: Civil § 1063, at 204 (1969) ).

The record reveals that the defendant's telephone number was continuously listed in the Lexington telephone book from 6

August 1982 until July 1983 and that defendant has continuously worked at PPG Industries since 1977. Moreover, it must be stressed that when plaintiff finally delivered the fifth summons to the Davidson County Sheriff, the defendant was served within four days. This relatively immediate service, once plaintiff finally made a statutorily authorized attempt, *suggests* that had plaintiff attempted service by this or any other statutorily authorized manner within thirty days of the issuance of the summons, defendant would have been promptly notified that an action had been commenced against him. The provision of adequate and timely notice to a defendant of the commencement of an action against him and the simultaneous assertion of personal jurisdiction over him are the bases of Rule 4. The rule was *not* enacted for the convenience of parties causing summonses to be issued; it is structured around the notion of fair play and timely *notice* to adverse parties. *Mullane v. Central Hanover Bank*, 339 U.S. 306, 94 L.Ed. 865 (1950). *See also Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966).

I am astonished that the majority would overrule *Adams v. Brooks*, 73 N.C. App. 624, 327 S.E. 2d 19 (1985). In that case, plaintiff's lawyer had summons issued and held it in his desk for over two years, never attempting to deliver a copy to the sheriff or to the defendant by any authorized method of Rule 4(j)(1)(a), (b), or (c). In the interim, plaintiff's attorney requested and received sixteen extensions. Finally, two and one-half years later, the attorney delivered the summons to a sheriff. When finally placed in the hands of the sheriff for service, the summons was served within six days. The statute of limitations would have been tolled for more than two years. The court in *Adams* held that plaintiff's failure to ever deliver summons to any sheriff prior to the first endorsement caused the action to discontinue thirty days after issuance. The holding in *Adams* is correct. The practicing bar will no doubt be shocked to learn that such conduct as was practiced in *Adams* is now acceptable.

My personal belief is that the *only* way that an unserved document may act as the basis for an alias or pluries summons is by accomplishing delivery to the sheriff within the statutory time period and obtaining a return from him. Otherwise, a plaintiff could continue a chain of endorsements or alias and pluries summonses and be allowed to keep a case alive indefinitely by con-

tinuously requesting extensions without any attempt at service by the sheriff as intended by the legislature. In the case at bar, the summons in question had expired for lack of effective renewal, and the later endorsements by the clerk constituted the filing of a new cause of action already barred by the statute of limitations.

Chief Justice BRANCH joins in this dissenting opinion.