REBA C. SMITH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ARCHIE
WAYNE SMITH v. JOHNNIE WADE STARNES

No. 8422SC367

(Filed 16 April 1985)

**Rules of Civil Procedure § 4— failure to deliver summons to sheriff—discontinuance of action—statute of limitations**

Where decedent was killed in an accident on 7 August 1980, and the
original summons and subsequent alias and pluries summonses in a wrongful
death action were never delivered to a sheriff or other process officer for service
except the last pluries summons which was served on defendant on 26 July
1985, the action was discontinued 30 days after the issuance of the original
summons, and the two-year statute of limitations of G.S. 1-53 had run at the
time defendant was eventually served with process. G.S. 1A-1, Rules 4(c) and
(d).

APPEAL by plaintiff from *Helms, Judge.* Order entered 1 February 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 30 November 1984.

*Wilson, Biesecker, Tripp & Sink, by Joe E. Biesecker, for plaintiff appellant.*

*Brinkley, Walser, McGirt, Miller & Smith, by Charles H. McGirt and Stephen W. Coles, for defendant appellee.*

PHILLIPS, Judge.

Plaintiff's appeal is from an order dismissing her wrongful death action against defendant upon the ground that it is barred by the statute of limitations. The action arose out of an automobile collision that occurred on 7 August 1980 in which plaintiff's intestate was immediately killed. Suit was duly commenced "by filing a complaint with the court," Rule 3, N.C. Rules of Civil Procedure, on 6 August 1982. This was within the two-year period allowed by G.S. 1-53 for the bringing of wrongful death actions and tolled the statute of limitations only for a time, since the statute is indefinitely or permanently tolled by a lawsuit only when jurisdiction is obtained over the defendant. Until jurisdiction is so obtained, either by service of process or a voluntary appearance, other steps must be taken to keep the statute tolled. Before this suit was filed, according to the briefs of both parties,

plaintiff filed an earlier suit against defendant on this same claim, also in the Davidson County Superior Court, and took a voluntary dismissal. The record is silent as to this and it is relevant only because the same lawyers that represented the parties in the preceding action—James W. Armentrout for the plaintiff and Charles H. McGirt for the defendant—also represent them in this action, though Joe E. Biesecker has also represented plaintiff since 22 July 1983, and because of the communications that the lawyers exchanged shortly after that suit was filed. Plaintiff does not contend that the period for instituting this action was extended because of the previous action and its voluntary dismissal [*see* Rule 41(a), N.C. Rules of Civil Procedure], but concedes that the straight two-year limitations period applies.

At the time this suit was commenced summons was also duly issued by the court in compliance with the provisions of Rule 4(a), N.C. Rules of Civil Procedure; which is to say the summons was duly filled out, dated and signed by an authorized officer. But the summons was never delivered to a sheriff or other process officer, as Rule 4(a) also requires, and the next step taken by plaintiff's attorney toward obtaining jurisdiction over the defendant was on 13 August 1982 when a copy of the complaint and summons was mailed to Mr. McGirt, defendant's attorney in the original action, with the request that defendant accept service. But Mr. McGirt returned the papers to Mr. Armentrout on 23 September 1982 by a letter stating that he had been unable to locate the defendant. On 4 November 1982, within ninety days from the time the original summons was issued as permitted by Rule 4(d)(2) of the N.C. Rules of Civil Procedure, plaintiff's attorney obtained an alias summons from the court but did not forward it to a sheriff or process officer for service on the defendant. Timely pluries summonses were also obtained on 2 February 1983, on 2 May 1983, and on 22 July 1983, but none of them were delivered or forwarded to a sheriff or other process officer except the last one, which was served on defendant by the Sheriff of Davidson County on 26 July 1983.

Defendant moved for an order of summary judgment and after the foregoing stated facts were established by plaintiff's answers to defendant's requests for admission and interrogatories and by an affidavit of a member of the Davidson County Sheriff's Department, the motion was allowed. In our opinion the judgment

of the trial court dismissing the action was correct and we affirm it. Though the action was timely instituted and the statute of limitations was tolled for a time thereby, plaintiff's failure to get the original summons into the hands of a sheriff or other process officer caused the action to discontinue.

Rule 4(a) of the N.C. Rules of Civil Procedure requires that after an action has been commenced and a summons has been issued "[t]he complaint and summons shall be delivered to some proper person for service." This was not done and the summons lost its vitality when the period passed when it could have been delivered to a sheriff or process officer for possible service on the defendant. That period was "30 days after the date of the issuance of summons," since Rule 4(c) provides that the service of the summons must be made within that time, if at all. Though an action in which the summons is unserved can continue in existence beyond 30 days after the date the summons was issued, for it to do so two things must happen according to Rules 4(c) and (d) of the N.C. Rules of Civil Procedure. First, the unserved original summons must be returned to the court by the officer it was delivered to with an explanation as to why it was not served. Second, the original summons must be supplemented by either a timely endorsement thereto or a timely sued out alias or pluries summons. That the first step is no less essential in maintaining the existence of the action than is the second is plainly indicated by the following provisions of Rule 4 of the N.C. Rules of Civil Procedure: The directive in Rule 4(a) that the complaint and summons "be delivered to some proper person for service"; the provisions in Rule 4(c) that "[i]f the summons is not served within the time allowed . . . it shall be returned immediately upon the expiration of such time by the officer to the clerk of the court who issued it with notation thereon of its nonservice and the reasons therefor as to every such party not served"; and by the provisions of Rule 4(d) permitting the action to be continued in existence "[w]hen any defendant in a civil action is not served within the time allowed for service" by obtaining either an endorsement of summons or an alias or pluries summons and that those supplementary summonses are returnable "in the same manner as the original process." Thus, under the facts recorded, the action discontinued on 5 September 1982 and the statute of limitations had long since run when defendant was eventually

served with process several months later. The recent holding in *Adams v. Brooks*, 73 N.C. App. 624, 327 S.E. 2d 19 (1985), which involved similar circumstances, was to the same effect.

Plaintiff's argument that her effort to get defendant to accept service was a substantial and satisfactory compliance with the rules is rejected. The requirements of the rules are too plain to permit substitution in our opinion, and we see no need for any since an action can be continued in existence indefinitely by complying with their simple requirements, which are not without a purpose. Implicit in the requirement that a summons be delivered to an officer and returned to the court at a fixed time is that prompt attempt to serve the defendant will be made and a record thereof will be given to the court. In this instance, no attempt to serve the defendant was made and the record contains no entry by an officer with respect thereto.

Affirmed.

Judges WHICHARD and JOHNSON concur.