REGINA SMITH v. MARTHA S. QUINN

No. 422PA88

(Filed 5 April 1989)

**1. Rules of Civil Procedure § 4— failure to deliver summons for service—violation of Rule 4(a)—bad faith or delay—dismissal of action**

The failure of plaintiff's counsel to deliver the endorsed summons or two subsequent alias or pluries summonses to some proper person for service constituted a violation of Rule 4(a) which may serve as the basis for dismissal of plaintiff's action under Rule 41(b) if the violation was done in bad faith or for the purpose of delay or taking unfair advantage of defendant. N.C.G.S. § 1A-1, Rules 4(a) and 41(b).

**2. Rules of Civil Procedure §§ 4, 41— failure to deliver summons for service—bad faith or delay—dismissal of action**

The trial court properly dismissed plaintiff's action pursuant to Rule 41(b) based upon plaintiff's violation of Rule 4(a) for the purpose of delay and to gain an unfair advantage over defendant where plaintiff's counsel filed the suit only to toll the statute of limitations and intentionally failed to deliver the summons to the sheriff for service for some eight months so that defendant and her insurer would not be notified of the suit until counsel had the opportunity to interview five or six witnesses.

ON defendant's petition for discretionary review of the decision of the Court of Appeals, 91 N.C. App. 112, 370 S.E. 2d 438 (1988), reversing judgment dismissing plaintiff's action by *Gardner, J.,* filed 26 June 1987 in Superior Court, HENDERSON County. Heard in the Supreme Court 15 February 1989.

*Prince, Youngblood, Massagee & Jackson, by Sharon B. Ellis and B. B. Massagee III, for plaintiff-appellee.*

*Roberts Stevens & Cogburn, P.A., by Landon Roberts and Glenn S. Gentry, for defendant-appellant.*

MARTIN, Justice.

On 7 March 1986, within a week of the expiration of the applicable statute of limitations, plaintiff filed a complaint alleging that she had been injured when she slipped and fell on premises leased from defendant. Plaintiff timely caused summons to issue, but waited until 7 April 1986 to deliver it to the sheriff. The same day the summons was returned unserved. Plaintiff secured the endorsement of the summons by the clerk, extending the period for service an additional thirty days, but did not subsequently deliver the summons to the sheriff for service. On 7 May 1986, 1 August 1986, and 28 October 1986, alias or pluries summonses were issued, but plaintiff delivered only the last of these to the sheriff, who served this summons and complaint upon defendant on 29 October 1986.

Defendant filed a motion to dismiss the action pursuant to Rules 4(a), 11(a), and 41(b) of the North Carolina Rules of Civil Procedure. At the hearing on the motion, the trial court made findings of fact and concluded that plaintiff had willfully and intentionally violated Rule 4(a) of the North Carolina Rules of Civil Procedure "for the purpose of delay and in order to gain an unfair advantage over the defendant." The court then dismissed plaintiff's action with prejudice pursuant to Rule 41(b), which provides that a defendant may move for dismissal of an action against him for failure of the plaintiff to prosecute or to comply with the Rules of Civil Procedure.

The Court of Appeals reversed, holding that "since [plaintiff had] obtained an alias and pluries summons each time before the previous summons expired," Rule 4(a) had not been violated. *Smith v. Quinn*, 91 N.C. App. 112, 114, 370 S.E. 2d 438, 439 (1988). The Court of Appeals erroneously relied upon *Smith v. Starnes*, 317 N.C. 613, 346 S.E. 2d 424 (1986). In *Starnes* this Court held that where there was no evidence that the complaint and summons had been filed and issued in bad faith or that they had been interposed for the purpose of delay or were otherwise subject to dismissal as a sham and false pleading, the mere fact that the summons had not been delivered to the sheriff for service within thirty days after it was issued did not invalidate the summons from serving as a basis for the issuance of alias or pluries summons. *Starnes* is inapposite to this case. Here, the validity of the

summons is not at issue; we are concerned with whether plaintiff violated Rule 4(a) by failing to deliver the summons to a proper person for service and whether this was done in bad faith and with the intent to delay and gain unfair advantage over the defendant.

[1] The evidence is uncontradicted that plaintiff did not deliver either the endorsed summons of 7 April 1986 or the summonses issued on 7 May 1986 and 1 August 1986 to "some proper person for service" as required by Rule 4(a). They were retained in the possession of plaintiff's counsel. This is a violation of Rule 4(a). The violation may serve as the basis for dismissal of plaintiff's action under Rule 41(b) if the violation was done in bad faith or for the purpose of delay or taking unfair advantage of defendant.

After finding facts as to the issuance of the various summonses, the trial judge found:

> Plaintiff's counsel, at the hearing, stated in open Court, that suit was filed in order not to be barred by the three-year statute of limitations; that he did not at any time intend to have summons served until such time as he could talk to five or six witnesses; that he purposely took action to avoid any service of process so the defendant would not be notified of the lawsuit. Plaintiff's attorney stated in open Court that from his past experience dealing with insurance companies he knew that as soon as the Complaint was served on the defendant, the defendant would notify her insurance carrier and the insurance company's lawyer would get in touch with these witnesses who he needed to talk to and stake them out and that thereafter the witnesses would not tell plaintiff's attorney the truth about what had occurred.

[2] The trial judge concluded that the plaintiff had willfully and intentionally violated Rule 4(a) of the Rules of Civil Procedure and that she had done so for the purpose of delay and in order to gain an unfair advantage over the defendant. No exceptions were made by plaintiff to any of the findings of fact, and they are binding upon this Court. *Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590 (1962). The trial judge's conclusion and dismissal of plaintiff's case are amply supported by the findings of fact. By his own statements to the court, counsel for plaintiff has furnished the basis for the trial judge's conclusion and the dismissal of plaintiff's action. Where the Rules of Civil Procedure are violated

for the purpose of delay or gaining an unfair advantage, dismissal of the action is an appropriate remedy. *See Estrada v. Burnham*, 316 N.C. 318, 341 S.E. 2d 538 (1986) (dismissal under N.C.R. Civ. P. 11(a) ); *Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F. 2d 475 (5th Cir. 1981) (a lesser sanction would not better serve the interests of justice); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.11(2) (2d ed. 1988).

By failing to attempt to serve defendant pursuant to Rule 4(a), plaintiff prevented defendant from knowledge of the claim against her from 7 March 1986 to 29 October 1986, a period of almost eight months. Remembering that the alleged claim arose in March 1983, this unconscionable delay was most critical to defendant. There was no contention that defendant was unavailable for service.

Counsel must realize that this Court will not condone violations of the letter or spirit of the rules for the purpose of delay or obtaining an unfair advantage. *Estrada*, 316 N.C. 318, 341 S.E. 2d 538. In the words of the mountain people where this lawsuit arose, plaintiff's conduct "won't do."

> [W]e cannot agree that such "procedural gymnastics" as were employed in this case were contemplated by the drafters of the Rules of Civil Procedure. "[T]he fundamental premise of the . . . rules [of Civil Procedure] is that a trial is an orderly search for the truth in the interest of justice rather than a contest between two legal gladiators with surprise and technicalities as their chief weapons . . . ." A. Vanderbilt, Cases and Other Materials on Modern Procedure and Judicial Administration 10 (1952).

*Estrada*, 316 N.C. at 327, 341 S.E. 2d at 544.

The trial judge properly dismissed plaintiff's action pursuant to Rule 41(b) based upon plaintiff's violation of Rule 4(a) for the purposes of delay and in order to gain an unfair advantage over the defendant.

The decision of the Court of Appeals is reversed and the case remanded to the Court of Appeals for further remand to the Superior Court, Henderson County, for reinstatement of the judgment of dismissal filed 26 June 1987..

Reversed and remanded.