JOHN SELLERS AND WILBER LEE SELLERS, PLAINTIFFS v. HIGH POINT MEMORIAL HOSPITAL, INC., HIGH POINT REGIONAL HOSPITAL, AND YVONNE HILL, DEFENDANTS

No. 8918SC406

(Filed 6 February 1990)

1. **Rules of Civil Procedure § 6 (NCI3d) — service of process — six-month delay — suit dismissed**

The trial court did not err by dismissing an action after a six-month delay in service of process where plaintiffs filed a complaint alleging medical negligence and loss of consortium on 20 November 1985; plaintiffs took a voluntary dismissal without prejudice on 4 May 1987; plaintiffs reinstituted the action on 2 May 1988; summonses were issued but never delivered to the sheriff; alias and pluries summonses were issued for both defendants on 3 June, 21 July, 6 September,

and 27 October 1988; defendant hospital received its first notice of the action when it received a copy of the calendar setting the case for the week of 14 November 1988; defendant hospital filed a motion to dismiss on 10 November 1988; the 27 October 1988 alias and pluries summons issued to the hospital was served on 14 November 1988; plaintiffs maintained at the hearing on the motion to dismiss that they had wanted to serve the individual defendant before serving the hospital for tactical reasons and had been unable to locate the individual defendant; and the trial court dismissed plaintiff's complaint against the hospital with prejudice. The hospital was prejudiced by the delay because it had no notice of this action until its name appeared on the court calendar and plaintiffs failed to explain why their intentional delay for tactical reasons should not be considered bad faith or an attempt to gain unfair advantage in the case.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 51.**

2. **Rules of Civil Procedure § 4 (NCI3d)— service of process— service delayed—alias and pluries summonses—dismissal of process**

The trial court did not abuse its discretion in dismissing plaintiff's action with prejudice following a six-month delay in service of process even though alias and pluries summonses had been issued because *Smith v. Starnes*, 317 N.C. 613, which held that a duly-issued summons not served or delivered to the sheriff within thirty days could serve as the basis for an alias or pluries summons and would toll the statute of limitations, specifically stated that it was not addressing the issue of whether the complaint and summons were issued in bad faith or subject to involuntary dismissal under N.C.G.S. § 1A-1, Rule 41(b). Furthermore, the trial court concluded that plaintiffs had failed to prosecute their action and dismissed the action in its discretion.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 51.**

3. **Rules of Civil Procedure § 4 (NCI3d)— service of process— delay—dismissal with prejudice—no abuse of discretion**

The trial court did not abuse its discretion by dismissing a complaint with prejudice based on a six-month delay in serv-

ice of process where the trial court found that no lesser sanction would better serve the interests of justice.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 51.**

Judge WELLS concurring in the result.

APPEAL by plaintiffs from *Albright (W. Douglas, Jr.), Judge.* Order rendered in open court on 17 November 1988 and signed out of session on 22 November 1988. Heard in the Court of Appeals 18 October 1989.

Plaintiffs filed a complaint against defendants alleging medical negligence and loss of consortium on 20 November 1985. Plaintiffs took a voluntary dismissal without prejudice of this action on 4 May 1987 pursuant to Rule 41(a) of the N. C. Rules of Civil Procedure.

Plaintiffs reinstituted this action on 2 May 1988. Summons were issued contemporaneously but were never delivered to the sheriff for service. Alias and pluries summons were issued for both defendants on 3 June, 21 July, 6 September, and 27 October 1988.

Defendant, High Point Regional Hospital (formerly known as High Point Memorial Hospital; hereinafter the hospital), received its first notice of the action when it received a copy of the Non-Jury Administrative Calendar, and the case had been set for the week of 14 November 1988. Defendant hospital filed a motion to dismiss on 10 November 1988 under Rule 12(b)(2), (4) and (5) of the N. C. Rules of Civil Procedure and requested the action to be dismissed with prejudice pursuant to G.S. 1A-1, Rule 41(b).

On 14 November 1988, after plaintiffs received notice of the motion to dismiss, the 27 October 1988 alias and pluries summons issued to the hospital was served.

Defendant's motion to dismiss was heard on 17 November 1988. At the hearing, plaintiffs maintained that they wanted to serve defendant Hill before serving the hospital for tactical reasons, and plaintiffs were unable to locate defendant Hill. The trial court dismissed plaintiff's complaint against the hospital with prejudice in open court on 17 November 1988. From this order, plaintiffs appeal.

*Metcalf and Osborne, by W. Eugene Metcalf, for plaintiffs-appellants.*

*Tuggle Duggins Meschan & Elrod, P.A., by J. Reed Johnston, Jr. and Sally A. Lawing, for High Point Memorial Hospital, Inc. and High Point Regional Hospital, defendants-appellees.*

ORR, Judge.

[1] Plaintiffs argue that the trial court erred in dismissing its suit based upon a six-month delay in service of process. Under G.S. 1A-1, Rule 4(a), when a plaintiff files a complaint, a summons must be issued within five days and delivered to the sheriff of the county "where service is to be made" or another person "authorized by law to serve summons." Service must be made within 30 days under Rule 4(c) unless otherwise excepted. *Id*. A summons may be extended by obtaining an alias and pluries summons pursuant to Rule 4(d). *Id*.

In the case *sub judice*, plaintiffs maintain that their failure to serve the summons on the hospital was not done in bad faith, nor an attempt to delay or gain unfair advantage and therefore the hospital was not prejudiced by the delay. We disagree.

First, the hospital was prejudiced by the delay. It had no notice of *this* action until its name appeared on the court calendar for the week of 14 November 1988. Moreover, the hospital was not served until after it filed a motion to dismiss on 10 November 1988. We can only speculate what plaintiffs intended to argue before the trial court during the week the case was scheduled if defendants had not been notified by that time.

We do not accept plaintiffs' argument that because the hospital had notice and engaged in extensive discovery of the original action, then it was not prejudiced by the delay in notice in *this* action. The purpose of Rule 3 and Rule 4 of the N. C. Rules of Civil Procedure is to ensure that a defendant will have notice of an action against him. *Estrada v. Burnham*, 316 N.C. 318, 326, 341 S.E.2d 538, 544 (1986). What the hospital had notice of was the *original* action, not *this* action.

Second, the record establishes that plaintiffs intentionally delayed service on the hospital. The trial court found that plaintiffs' delay was for tactical reasons, and plaintiffs did not except. Plaintiffs maintain that they wanted to serve defendant Hill first because

she would be more difficult to locate. Plaintiffs failed to explain, however, why this "tactical reason" should not be considered in bad faith or an attempt to gain unfair advantage in the case. We can assume from the record that plaintiffs did not want the hospital (a named defendant) to even know of the lawsuit until the other defendant was served. We believe this to be in bad faith and an attempt to gain unfair advantage over the hospital.

[2] Plaintiffs next argue that they did not violate the statute of limitations on service of process because they properly obtained alias and pluries summonses.

Plaintiffs rely on *Smith v. Starnes*, 317 N.C. 613, 346 S.E.2d 424 (1986), which held that a duly issued summons not served or delivered to the sheriff within 30 days could serve as the basis for an alias or pluries summons and would toll the statute of limitations. The *Smith* court specifically stated that it was not addressing the issue of whether the complaint and summons were issued in bad faith or subject to involuntary dismissal under G.S. 1A-1, Rule 41(b). *Id.* at 615, 346 S.E.2d at 426. Therefore, we hold that *Smith* does not apply to the facts of this case. Further, the trial court concluded "that the plaintiffs have failed to prosecute their action" and in its discretion the plaintiff's action against the defendant hospital was dismissed with prejudice.

[3] Plaintiffs maintain that an involuntary dismissal of their complaint was inappropriately harsh and severe. The trial court in its discretion found "that no other lesser sanction would better serve the interests of justice in this case." We find no basis for concluding that the trial court abused its discretion. *See Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989) (plaintiff's action properly dismissed under Rule 41(b) based upon violation of Rule 4(a) for the purposes of delay and in order to gain an unfair advantage over defendant).

The evidence in the case at bar clearly supports the trial court's findings of fact and its conclusions of law. Such findings are conclusive on appeal when supported by competent evidence, even if there is evidence to the contrary. *Lumbee River Electric Corp. v. City of Fayetteville*, 309 N.C. 726, 741, 309 S.E.2d 209, 219 (1983).

For the reasons set forth above, we affirm the trial court's decision.

Affirmed.

Judge JOHNSON concurs.

Judge WELLS concurs in the result.

Judge WELLS concurring in the result.

In his order dismissing plaintiffs' action, the trial court found that plaintiffs' delay in serving defendant Hospital was intentional, and then made additional findings (actually conclusions) that the delay served to undercut the statute of limitations and defeat defendant Hospital's expectation that it would no longer have to defend plaintiffs' action.

Following the spirit, if not the letter, of our Supreme Court's opinion in *Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989), I concur that the trial court properly exercised its discretion in dismissing plaintiffs' action, based upon the conclusions expressed in its order.