ROBINSON v. PARKER

[124 N.C. App. 164 (1996)]

_____

ROY R. ROBINSON AND HILDA ROBINSON, HIS WIFE, PLAINTIFFS v. WILLIAM P. PARKER, JR., M.D., JOHN L. REMINGTON, M.D., AND DELANEY RADIOLOGISTS, P.A., A NORTH CAROLINA PROFESSIONAL ASSOCIATION, DEFENDANTS

No. COA95-890

(Filed 15 October 1996)

**Actions and Proceedings § 18 (NCI4th); Process and Service § 59 (NCI4th)— failure to deliver summons to sheriff— validity of alias or pluries summons**

N.C.G.S. § 1A-1, Rule 4 does not require delivery of a summons to the sheriff within 30 days of its issuance or a showing of good faith or excusable neglect for failure to promptly deliver the summons to the sheriff in order for the summons to serve as the

**ROBINSON v. PARKER**

[124 N.C. App. 164 (1996)]

basis for the issuance of an alias or pluries summons. Therefore, the trial court erred in allowing defendant's Rule 12(b) motion to quash issuance and service of process in a medical malpractice action on the ground that plaintiffs' failure to deliver the summons to the sheriff before the alias or pluries summons was issued was not done in good faith.

**Am Jur 2d, Appellate Review § 149; Process §§ 56, 407; Prohibition §§ 14, 53.**

**Tolling of limitation period as affected by statutes defining commencement of action, or expressly relating to interruption of running of limitations. 27 ALR2d 236.**

**Necessity and sufficiency of service of process under due process clause of Federal Constitution's Fourteenth Amendment—Supreme Court cases. 100 L. Ed. 2d 1015.**

Judge LEWIS concurring.

Appeal by plaintiffs from order entered 9 May 1995 by Judge W. Allen Cobb, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 16 April 1996.

On 2 April 1993, plaintiffs filed a medical malpractice action alleging that defendants' negligence caused plaintiff Roy R. Robinson both physical and emotional pain and suffering and left him permanently partially disabled. In answering, defendants generally denied plaintiffs' allegations. Thereafter, plaintiffs voluntarily dismissed their action without prejudice on 13 August 1993.

On 12 August 1994, plaintiffs commenced the present action by filing a complaint and obtaining issuance of summonses directed to defendants. These summonses, however, were not served on defendants, and on 9 November 1994, plaintiffs caused alias and pluries summons to be issued, directed to defendants. Defendants Parker and Delaney Radiologists were served with these summonses on 2 December 1994. Defendant Remington was served on 5 December 1994.

On 5 January 1995, defendants Remington and Delaney Radiologists answered asserting no service, process or jurisdictional defenses. Thereafter, on 9 January 1995, defendant Parker filed a motion to quash issuance and service of process, but made no motion to dismiss pursuant to Rule 41(b) or for sanctions pursuant to Rule

11(a). On 20 January 1995, defendants Remington and Delaney Radiologists filed a substantially similar motion to quash issuance and service of process.

Defendants' motions were heard on 4 April 1995 and, after hearing, the court took the matters under advisement. On 11 April 1995, plaintiffs filed and served a request pursuant to Rule 52(a)(2) that the trial court make findings of fact and conclusions of law. On 9 May 1995, the trial court entered an order including the following findings of fact and conclusions of law:

## FINDINGS OF FACT

. . . .

4. The Motion to Quash Issuance and Service of Process was noticed for hearing on January 19, 1995, to be heard on March 13, 1995; this hearing was continued to April 4, 1995. During this time plaintiffs have failed to show by affidavit or otherwise any reason or excuse for the delay in obtaining service of process. The Court further finds that plaintiff violated the statutory requirements for the service of process by failing to deliver the Complaint and Summons to the Sheriff, or by otherwise obtaining service within thirty (30) days as required by N.C.G.S. 1A-1, Rule 4(a). There has been no showing made by the plaintiff of any reason which would constitute excusable neglect, and the Court specifically finds that the failure to deliver the Summons and Complaint to the Sheriff of the county for service, or to otherwise obtain service as required by Rule 4 was not done in good faith and was an attempt to gain unfair advantage over the defendants which warrants the quashing of the Alias and Pluries Summons issued herein and service thereon.

5. The Court has carefully considered the holding in Smith v. Starnes, 317 N.C. 613, 346 S.E.2d 424 (1986) and specifically finds that the holding in Smith v. Starnes does not apply to the facts of this case and specifically the Court finds that the failure to deliver the duly issued Summons to the Sheriff for service within thirty (30) days was not done in good faith. The Court has also considered the holding in Sellers v. High Point Memorial Hospital, 97 N.C. App. 299, 388 S.E.2d 197 (1990) and finds same to be controlling and applicable to the facts of this Action

. . . .

**ROBINSON v. PARKER**

[124 N.C. App. 164 (1996)]

## CONCLUSIONS OF LAW

Plaintiffs irresponsible and dilatory handling of issuance and service of process was not done in good faith and was an attempt to delay or gain unfair advantage over the defendants, thereby prejudicing their cause.

Having so concluded, the trial court granted defendants' motions to quash issuance and service of process.

Plaintiffs appeal.

*Larry M. Coe and Bailey & Dixon, L.L.P., by Gary S. Parsons and John M. Kirby, for plaintiff-appellants.*

*Baker, Jenkins, Jones & Daly, P.A., by R.B. Daly, Jr., and Kevin N. Lewis, for defendant-appellees John L. Remington, M.D., and Delaney Radiologists, P.A.*

*Harris, Shields & Creech, P.A., by Thomas E. Harris and R. Brittain Blackerby, for defendant-appellee William P. Parker, Jr., M.D.*

EAGLES, Judge.

We note at the outset that each defendant's "motion to quash issuance and service of process" fails to cite "the rule number or numbers under which [defendants are] proceeding." General Rules of Practice for the Superior Court, Rule 6 (1985). While this defect itself at times may be fatal, *Sherman v. Myers*, 29 N.C. App. 29, 30, 222 S.E.2d 749, 750, *disc. review denied*, 290 N.C. 309, 225 S.E.2d 830 (1976), the trial court in its discretion did not find it so here. We treat each defendant's motion as one challenging the sufficiency of process pursuant to Rule 12, and we review the trial court's ruling accordingly. *See Howard v. Ocean Trail Convalescent Center*, 68 N.C. App. 494, 494, 315 S.E.2d 97, 98 (1984). We note also that defendants concede in their briefs that we should review their motions to quash as Rule 12(b) motions.

Plaintiff argues that the trial court erred in quashing plaintiff's issuance and service of process. We agree.

G.S. 1A-1, Rule 4, governs the issuance and service of process in civil cases. In *Smith v. Starnes*, 317 N.C. 613, 617-18, 346 S.E.2d 424, 427 (1986), our Supreme Court applied G.S. 1A-1, Rule 4, under facts similar to the instant case and explained as follows:

> We do not believe that a correct interpretation of Rule 4 requires delivery of the summons to the sheriff within thirty days of its issuance in order that the summons may later serve as a basis for the issuance of an alias or pluries summons. Although section (a) provides that the complaint and summons shall be delivered to the sheriff of the county where process is to be made, the rule provides no sanction for a party's failure to make such a delivery. Section (c) expressly provides that the sheriff's failure to make service within the time allowed under the statute shall not invalidate the summons. Nor will the sheriff's failure to return an unserved summons invalidate the summons. N.C.G.S. § 1A-1, Rule 4(c) (1983). Section (e) controls in determining when an action is discontinued. It provides that a summons is discontinued as to any defendant not served within the time allowed when there is "neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d) . . . ." There is no provision in section (e) concerning a party's failure to deliver the summons to the sheriff for service. In light of the clear language of Rule 4(e) on the discontinuance of a summons, there is no justification for construing the rule to require delivery of the summons to the sheriff within thirty days of its issuance to keep the summons alive.

*Id.* This language is controlling. The Supreme Court makes no mention of any requirement under Rule 4 that plaintiffs must prove good faith, excusable neglect or even give any reason at all to justify their failure to promptly deliver the summons to the Sheriff. In fact, the *Starnes* court specifically states that Rule 4 "provides no sanction for a party's failure to make such a delivery." *Id.* at 617, 346 S.E.2d at 427. Accordingly, we find no fatal defect in plaintiff's issuance and service of process pursuant to Rule 4.

Defendants nonetheless argue that *Starnes* is distinguishable. Specifically, defendants argue that the following dicta limits *Starnes'* applicability to cases where the trial court made no finding of bad faith:

> There is no evidence or contention in this case that the complaint and summons were filed or issued in bad faith or that they were interposed for delay or otherwise subject to dismissal as a sham and false pleading pursuant to Rule 11(a) of the North Carolina Rules of Civil Procedure. . . . Nor are we presented with a motion for involuntary dismissal for failure of the plaintiff to prosecute an action pursuant to Rule 41(b).

*Starnes*, 317 N.C. at 615-16, 346 S.E.2d at 426 (citing *Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986)). We are not persuaded by defendants' argument, however, because we conclude that this dicta serves only to remind us that a different result may be required where the dispositive motion is one pursuant to either Rule 11(a) or Rule 41(b). It is clear that the "bad faith" referred to in *Starnes* relates only to the Rule 11(a) good faith standard; it does not create a separate good faith standard under Rule 4. That this interpretation is correct is clear upon reading *Estrada* (the authority cited by the *Starnes* court), as *Estrada* discusses bad faith only in the context of a Rule 11 motion. *Estrada v. Burnham*, 316 N.C. 318, 324-26, 341 S.E.2d 538, 542-43 (1986)

Defendant's final argument, and the argument erroneously adopted by the trial court, is that the instant case is controlled by *Sellers v. High Point Mem. Hosp.*, 97 N.C. App. 299, 388 S.E.2d 197, *disc. review denied*, 326 N.C. 598, 393 S.E.2d 882 (1990), instead of *Starnes*. Here again, we are not persuaded because we conclude that *Sellers* is distinguishable on its face. In *Sellers*, we reviewed the trial court's grant of defendant's motion to dismiss pursuant to Rule 41(b). *Sellers*, 97 N.C. App. at 302-03, 388 S.E.2d at 198-99. Here, no Rule 41(b) motion was ever made and absent a motion pursuant to either Rule 41(b) or Rule 11(a), we conclude that *Starnes* is controlling. Accordingly, we conclude that the order of the trial court quashing plaintiff's issuance and service of process must be reversed. We need not address plaintiff's remaining assignments of error.

Reversed and remanded.

Judge McGEE concurs.

Judge LEWIS concurs with separate opinion.

Judge LEWIS concurring.

While I feel bound by the decision in *Starnes* to concur, I do not believe the result we reach in this case nurtures good practice. Accordingly, I urge the Supreme Court to reconsider this issue.

Allowing a party to obtain issuance of a summons, make no effort at service, and then obtain a subsequent alias and pluries summons and thereby additional months, makes a mockery of the statutes of limitation. This is true whether the delay be due to negligent over-

sight or counsel's tactics. In the present case, defendants were served four years and seven months after their alleged negligent acts. Plaintiffs, in effect, tacked on over a year and a half to the original statute of limitations.

This behavior should not be condoned. I would require some reasonable effort at service be made by one of the statutory methods in order to keep a summons viable. Only when such reasonable effort is shown, should an alias and pluries summons be deemed acceptable to extend the time for service. If no effort at service has been undertaken, the summons should expire.