MELTON v. STAMM

[138 N.C. App. 314 (2000)]

―――――――――

KIM R. MELTON, D.D.S., Plaintiff v. JOHN W. STAMM, D.D.S., Defendant

No. COA99-417

(Filed 6 June 2000)

**Pleadings— Rule 11 sanctions—delay of litigation—dismissal without prejudice—no abuse of discretion**

The trial court did not abuse its discretion by dismissing a defamation action without prejudice but with an assessment of costs to plaintiff as a Rule 11 sanction for intentionally delaying litigation. Although defendant contended that the dismissal without prejudice effectively rewarded plaintiff's delay by allowing a year to recommence the action and nullified the statute of limitations defense, appellate review is limited to abuse of discretion. Dismissal with prejudice is available as a Rule 11 sanction but is not mandated.

Appeal by defendant from order entered 28 February 1999 by Judge Robert H. Hobgood in Durham County Superior Court. Heard in the Court of Appeals 11 January 2000.

*Joyce L. Davis and Associates, by Joyce L. Davis and Laura J. Wetsch, for the plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas O. Lawton III, for the defendant-appellant.*

LEWIS, Judge.

Plaintiff, acting *pro se,* brought a defamation action based on three letters, each written by defendant on 7 November 1996, 8 November 1996 and 23 June 1997. On 28 October 1997, ten days short of the expiration of the one-year statute of limitations on the first letter, plaintiff obtained an ex parte order extending the limitations period on the first two letters to 17 November 1997. On the same day, plaintiff timely caused summons to issue, but never delivered it to the sheriff for service. Thereafter, plaintiff caused six alias and pluries summonses to issue, on 17 November 1997, 22 January 1998, 23 April 1998, 8 July 1998, 1 October 1998 and 14 December 1998, none of which were delivered to the sheriff for service upon defendant. Each of the summons listed defendant's correct home and office addresses. On 26 January 1999, the defendant was served by mail. Defendant moved to dismiss the action pursuant to Rules 11(a), 12(b)(4), 12(b)(5) and 41(b) of the North Carolina Rules of Civil Procedure. On 11 February 1999, at the hearing on defendant's motion to dismiss, the court concluded "plaintiff intentionally delayed the litigation in violation of Rule 11(a)." Plaintiff's action was dismissed without prejudice pursuant to Rule 41(b), allowing plaintiff one year to commence a new action on the same claim, upon payment of costs. Defendant appeals, contesting the court's dismissal without prejudice.

Rule 41(b) provides that a defendant may move for dismissal of an action against him for failure of the plaintiff to prosecute or to comply with the Rules of Civil Procedure. N.C.R. Civ. P. 41(b). Generally, an involuntary dismissal under Rule 41(b) operates as an adjudication on the merits and ends the lawsuit. *Barnes v. McGee,* 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974). However, when the trial court specifically orders the dismissal to be without prejudice, as in this case, the dismissal is not an adjudication on the merits and plaintiff is allowed one year in which to re-file the action. N.C.R. Civ. P. 41(b).

Plaintiff has not cross-assigned error to the trial court's finding that plaintiff intentionally delayed litigation in violation of Rule 11(a), and it is binding on this Court. N.C.R. App. P. 10(d). Upon a violation

of Rule 11(a), some degree of sanction is mandatory. *Turner v. Duke University*, 91 N.C. App. 446, 449, 372 S.E.2d 320, 322 (1988), *rev'd on other grounds*, 325 N.C. 152, 381 S.E.2d 706 (1989). The trial court's decision of whether to impose mandatory sanctions under Rule 11(a) is reviewed de novo. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). However, our review concerns only the appropriateness of the sanction. Accordingly, the decision of which sanction to impose for violation of Rule 11(a), including involuntary dismissal, is exercised in the broad discretion of the trial court. *Id.* (appropriateness of sanctions reviewed for abuse of discretion); *Whedon v. Whedon*, 313 N.C. 200, 213, 328 S.E.2d 437, 439 (1985) (dismissal under Rule 41(b) reviewed for abuse of discretion). Thus, our review is limited to a determination of whether abuse appeared in the exercise of the trial court's discretion.

Defendant contends the trial court's dismissal without prejudice effectively rewarded plaintiff's delay by allowing a year to recommence the action, and effectively sanctioned defendant by nullifying his statute of limitations defense. Specifically, defendant argues a finding of intentional delay in violation of Rule 11(a) requires the trial court to dismiss plaintiff's action with prejudice. Thus, we must determine whether the trial court abused its discretion by dismissing this action without prejudice pursuant to Rule 41(b), based on its finding that Rule 11(a) was intentionally violated.

At the outset we note that in addition to dismissing the action without prejudice, the trial court assessed plaintiff costs of the action. Defendant's argument implies that the dismissal without prejudice effectively abrogated any penalty resulting from the court's imposition of costs. While our review focuses on whether the trial court was required to dismiss this action with prejudice, we emphasize that imposition of costs is one of many permissible sanctions under Rule 11(a). *Griffin v. Sweet*, —— N.C. App. ——, ——, 525 S.E.2d 504, 506 (2000).

Defendant contends *Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989), requires a trial court to dismiss an action with prejudice upon finding a violation of the Rules of Civil Procedure. We disagree. The plaintiff in *Smith* did not attempt to serve defendant for almost eight months after the complaint was filed. *Id.* at 317, 378 S.E.2d at 29. Based upon its finding that plaintiff willfully and intentionally violated Rule 4(a), the court dismissed plaintiff's action with prejudice. *Id.* The court held dismissal of an action with prejudice pursuant to Rule 41(b) is "an appropriate" remedy where the Rules of Civil

Procedure have been violated for the purpose of delay or gaining an unfair advantage. *Id.* at 318-19, 378 S.E.2d at 30. Although the holding in *Smith* illustrates that dismissal with prejudice pursuant to Rule 41(b) is available as a sanction for violating Rule 11(a), it does not mandate this sanction in any instance. In light of the trial court's broad discretion in determining the appropriate remedy, the court's recitation in *Smith* that a dismissal with prejudice is "appropriate" cannot serve as a basis for us to require dismissal with prejudice here. Based on this authority, we do not find the trial court abused its discretion. *See also Sellers v. High Point Mem. Hosp.*, 97 N.C. App. 299, 303, 388 S.E.2d 197, 199 (1990), (holding dismissal with prejudice proper where plaintiff intentionally delayed service of process in violation of Rule 4, but setting forth no requirement of dismissal with prejudice).

Defendant also contends that the instant case is controlled by *Estrada v. Burnham*, 316 N.C. 318, 341 S.E.2d 538 (1986). Again, we are not persuaded, as *Estrada* is distinguishable. In *Estrada*, plaintiff filed a "bare bones" complaint the day before the applicable statute of limitations expired. *Id.* at 319, 341 S.E.2d at 539. Two minutes after filing the complaint, plaintiff filed a notice of dismissal purporting to voluntarily dismiss the action without prejudice, pursuant to Rule 41(a)(1). *Id.* No attempt was made to serve the summons, complaint or notice of dismissal on defendant—plaintiff filed the action merely to toll the statute of limitations for one year. *Id.* at 320, 341 S.E.2d at 540. Because the plaintiff gained a year in voluntarily dismissing the action, the next day plaintiff's counsel was able to file a new complaint without violating the statute of limitations. The trial court dismissed this second action with prejudice. *Id.* at 321, 341 S.E.2d at 540. The Court of Appeals reversed, allowing plaintiff to recommence the action within one year. The Supreme Court, however, held that dismissal with prejudice was required because plaintiff had no intention of actually prosecuting the first filed action. Instead, his sole purpose in filing the first action was to toll the statute of limitations and gain another year in which to re-file the claim. His action thus amounted to a "sham and false" pleading, thereby mandating dismissal with prejudice. *Id.* at 323-24, 341 S.E.2d at 542.

Defendant argues the rule from *Estrada* should apply to dismissals under Rule 41(b). We disagree. The plaintiff in *Estrada* had no intention of prosecuting the first filed action, and in addition, took advantage of its automatic right to an involuntary dismissal pursuant to Rule 41(a)(1). Under Rule 41(a)(1), before the plaintiff rests his

case, he is entitled to one voluntary dismissal upon mere provision of notice, without order of the court. Under Rule 41(b), however, a motion to dismiss must be made by defendant, and the trial court must necessarily review that motion. Thus, Rule 41(b) offers its own protection against flagrant violations of our Rules of Civil Procedure. Because of these differences in the applicable rules, given our standard of review, we will not extend the rule from *Estrada* requiring dismissal with prejudice to this case. As such, we find no abuse of discretion by the trial court based on the rule espoused in *Estrada*.

Although we view the plaintiff's practices less than exemplary, *see, e.g., Robinson v. Parker*, 124 N.C. App. 164, 476 S.E.2d 406 (1996), we reemphasize that our review is limited to finding an abuse of discretion. Until our Supreme Court either sets forth a rule mandating involuntary dismissal for abuses such as the one here or alters the applicable standard of review, we do not find the trial court abused its discretion by dismissing this action without prejudice, while assessing the costs to plaintiff.

Affirmed.

Judges GREENE and EDMUNDS concur.