IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-270

No. COA20-559

Filed 15 June 2021

Mecklenburg County, No. 15 CVS 1178

RICHARD P. MEABON, Plaintiff,

v.

MICHAEL K. ELLIOTT; ELLIOTT LAW FIRM, P.C., Defendants.

Appeal by plaintiff from order entered 19 December 2019 by Judge Hugh B. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 May 2021.

*Hausler Law Firm, PLLC, by Kurt F. Hausler, for plaintiff-appellant.*

*Womble Bond Dickinson (US) LLP, by Kimberly Sullivan and M. Elizabeth O'Neill, for defendants-appellees.*

TYSON, Judge.

Richard P. Meabon ("Plaintiff") appeals from an order entered 19 December 2019. We affirm.

## I. Background

Plaintiff petitioned for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code on 23 February 2010. Plaintiff was represented by G. Martin Hunter. Prior to his representation by attorney Hunter, Plaintiff had consulted with

attorney Rick Mitchell. Plaintiff ultimately decided not to hire attorney Mitchell after being told he would have to disclose a trust account ("1985 Trust") in his bankruptcy schedules. The 1985 Trust, created by Plaintiff's father, had an approximate value of $425,000 at the time of Plaintiff's bankruptcy petition. Plaintiff did not disclose the 1985 Trust account to attorney Hunter. Attorney Hunter filed the Chapter 7 petition and schedules on behalf of Plaintiff without disclosing the trust on the schedules.

¶ 3        Soon thereafter, attorney Mitchell informed attorney Hunter of the existence of the 1985 Trust. Attorney Hunter immediately demanded of Plaintiff to amend the schedules and disclose the 1985 Trust to the bankruptcy court, which Plaintiff eventually did. Plaintiff terminated representation by attorney Hunter as his counsel.

¶ 4        Plaintiff then retained Defendants as counsel in August 2011. On 20 September 2011, the bankruptcy trustee filed an Adversary Proceeding to determine ownership of the 1985 Trust. On 12 January 2012, the bankruptcy court determined the assets of the 1985 Trust were property of the bankruptcy estate.

¶ 5        Martha Medlin, Plaintiff's sister, transferred the money in the 1985 Trust account to Plaintiff's father on 1 March 2012. On 24 April 2012, Defendants notified the bankruptcy trustee of the funds removal and sent the bankruptcy trustee a check for the remaining balance in the account for $1,700.00. On 3 May 2012, an emergency hearing was scheduled by the bankruptcy trustee regarding Medlin's removal of the

1985 Trust money. On 15 May 2012, another Adversary Proceeding was filed to recover the funds moved out of the 1985 Trust.

¶ 6 On 24 September 2012, the bankruptcy trustee filed an Adversary Proceeding to revoke Plaintiff's bankruptcy discharge pursuant to 11 U.S.C. § 727(d)(1), which states the court shall revoke a discharge "if such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." 11 U.S.C. § 727(d)(1).

¶ 7 The bankruptcy court found Plaintiff had also failed to schedule and hidden the existence of another trust account ("1991 Trust"). On 8 April 2014, the bankruptcy court entered an order revoking Plaintiff's discharge for failing to schedule and attach the 1985 Trust.

¶ 8 Criminal contempt charges were filed against Plaintiff. Plaintiff pled guilty to contempt of court for failing to disclose the 1985 Trust. Plaintiff served a sixty-day prison sentence. The revocation of Plaintiff's discharge was upheld by the United States District Court for the Western District of North Carolina on 6 June 2016, and by the United States Court of Appeals for the Fourth Circuit on 28 September 2017.

¶ 9 Plaintiff commenced this action on 20 January 2015, alleging legal malpractice against Defendants in their representation of the aforementioned proceedings. Plaintiff asserted Defendants' malpractice caused Plaintiff's discharge to be revoked and caused him to be held criminally liable for contempt. Plaintiff filed an order

extending time to file a complaint, and a civil summons to be served with the order extending time to file complaint was issued. On 9 February 2015, Plaintiff filed his complaint and was issued a delayed service of complaint. Plaintiff did not serve the summons and complaint on Defendants at that time. Plaintiff filed an alias and pluries summons on 20 April 2015, and continued to file alias and pluries summonses approximately every ninety days, until 8 February 2019.

¶ 10 On 14 March 2019, the trial court entered an Order Directing Action in Case instructing Plaintiff to serve Defendants or the case would be eligible for administrative dismissal on 15 April 2019. On 8 April 2019, Plaintiff served Defendants.

¶ 11 Between 20 April 2015 and 8 February 2019, Plaintiff did not attempt to serve Defendants, who maintained the same law office and address throughout those four years. Attorney Hunter died in June 2017. During the four-year delay, Defendants had changed computer and software systems, losing certain time entries, documents, and conference room reservation information, which may have pertained to the case. Mindy Holt, Defendants' legal assistant, had worked with attorney Hunter on Plaintiff's bankruptcy case, and later for Defendants. She had left their employment and moved to Missouri.

¶ 12 On 6 November 2019, Defendants filed a motion to dismiss for the failure to prosecute under Rule 41(b). The trial court heard the motion on 19 December 2019.

The trial court found Plaintiff's excuse of being "gutted" and "devastated" after the Fourth Circuit's opinion was not good cause justifying his eighteen-to-twenty-month delay in serving Defendants.

The trial court concluded the Plaintiff had acted in a manner that deliberately and unreasonably delayed the matter, preventing the preservation of evidence that could assist a jury in determining if malpractice had occurred. The trial court determined dismissal with prejudice was the only appropriate sanction and dismissed Plaintiff's complaint. Plaintiff appeals.

## II.     Jurisdiction

This Court has jurisdiction over a final judgment regarding a motion to dismiss for failure to prosecute pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019).

## III.     Issue

Plaintiff argues the trial court erred in granting Defendants' motion to dismiss for failure to prosecute under N.C. Gen. Stat. § 1A-1, Rule 41(b) (2019).

## IV.     Standard of Review

"The standard of review for a Rule 41(b) dismissal is (1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment." *Cohen v. McLawhorn*, 208 N.C. App. 492, 498, 704 S.E.2d 519, 524 (2010) (citation and internal quotation marks omitted). "Unchallenged findings of fact are presumed to

be supported by competent evidence, and are binding on appeal." *Id.* (citations and internal quotation marks omitted). If competent evidence supports the findings, they are binding upon appeal. *Starco, Inc. v. AMG Bonding & Ins. Servs.*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996).

¶ 17        "[I]n reviewing the appropriateness of the particular sanction imposed, an abuse of discretion standard is proper because the rule's provision that the court shall impose sanctions for motions abuses concentrates the court's discretion on the *selection* of an appropriate sanction rather than on the *decision* to impose sanctions." *Egelhof v. Szulik*, 193 N.C. App. 612, 619, 668 S.E.2d 367, 372 (2008) (*quoting Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)). The trial court's "conclusions of law are reviewable *de novo* on appeal." *Starco*, 124 N.C. App. at 336, 477 S.E.2d at 215.

## V.    Analysis

¶ 18        Plaintiff argues the trial court erred in granting Defendants' motion to dismiss for failure to prosecute pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b). Rule 41(b) provides, in relevant part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him." N.C. Gen. Stat. § 1A-1, Rule 41(b).

¶ 19        Prior to dismissing a claim for failure to prosecute, the trial court is to determine three factors: "(1) whether the plaintiff acted in a manner which

deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and, (3) the reason, if one exists, that sanctions short of dismissal would not suffice." *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001). The trial court considered all three factors prior to dismissing Plaintiff's complaint. Plaintiff argues he did not deliberately delay the matter, Defendants would not be prejudiced, and the judge should have considered lesser sanctions other than dismissal. We disagree and address each factor below.

### A. Deliberate or Unreasonable Delay

Plaintiff argues he neither deliberately nor unreasonably delayed the matter by failing to serve the complaint to Defendants for over four years. N.C. Gen. Stat. § 1A-1, Rule 4(a) states, "The complaint and summons shall be delivered to some proper person for service." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2019).

Plaintiff repeatedly extended the time allowed for service by serving alias and pluries summons every ninety days until they could serve Defendants. *See* N.C. Gen. Stat. § 1A-1, Rule 4(d) (2019). This Court has recognized alias and pluries summons are an appropriate tool for extending the time for service, yet also determined delays of service for less than a year have been deliberate and unreasonable. *See Smith v. Quinn*, 324 N.C. 316, 319, 378 S.E.2d 28, 30 (1989).

In *Smith v. Quinn*, our Supreme Court determined an eight-month delay by use of alias and pluries summons was a violation of the spirit of the rules of civil

procedure for the purpose of delay or obtaining an unfair advantage. *Id.* In *Smith*, the plaintiff filed a complaint for an alleged injury from a fall on defendant's property. *Id.* at 317, 378 S.E.2d at 29. She used alias and pluries summons to delay service for eight months. *Id.*

¶ 23 The Court reasoned the failure to serve the defendant for eight months prevented defendant from critical knowledge of the alleged incident. The alleged event had then occurred three years prior. *Id.* at 319, 378 S.E.2d at 30. The Court held dismissal "pursuant to Rule 41(b) based upon plaintiff's violation of Rule 4(a) for the purposes of delay and in order to gain an unfair advantage over the defendant" was appropriate. *Id.* at 319, 378 S.E.2d at 31.

¶ 24 Plaintiff delayed service for over four years, well beyond the delays allowed by our Supreme Court. The four-year delay, as in *Smith*, prevented Defendants' knowledge of the suit, they were not on notice to preserve evidence and prepare for the action. Knowledge, personnel, and records of the events faded and were lost over the four years. The attorney representing Plaintiff had died and a staff assistant of the firm had moved out of state. In addition, Plaintiff eventually served Defendants only after receiving an Order Directing Action in Case from the trial court.

¶ 25 Where the Rules of Civil Procedure are violated for the purpose of delay or gaining an unfair advantage, dismissal of the action is an appropriate remedy. *See Stocum v. Oakley*, 185 N.C. App. 56, 65, 648 S.E.2d 227, 234 (2007) (citation omitted).

Plaintiff argues he did not delay to gain unfair advantage. He offers no showing or support to the contrary. The trial court's findings of fact are supported by competent evidence.

Plaintiff argues he did not deliberately or unreasonably delay the matter because he was attempting to mitigate his damages, while awaiting the decision on his Rule 60 motion from the United States Court of Appeals for the Fourth Circuit.

Our Court has held:

> Although the general rule in North Carolina is that attorneys' fees and other costs associated with litigation are not recoverable in a legal malpractice action absent statutory liability, this rule does not apply to bar recovery for costs, including attorneys' fees, incurred by a plaintiff to remedy the injury caused by the malpractice.

*Gram v. Davis*, 128 N.C. App. 484, 489, 495 S.E.2d 384, 387 (1998).

Plaintiff argues he waited to serve the complaint until he was sure of the total amount of his damages from the alleged malpractice. The Fourth Circuit upheld the federal district court's denial of Plaintiff's appeal of his Rule 60 motion on 28 September 2017. Plaintiff filed on 9 February 2015, but did not serve the complaint on Defendants until 9 April 2019. At hearing, the court asked Plaintiff why he had waited eighteen to twenty months to file the complaint after receiving the opinion from the Fourth Circuit. Plaintiff replied that he was "gutted" and "devasted" by that decision.

¶ 29 Our Court has consistently dismissed similar cases for delays of significantly shorter length than Plaintiff's delay of four years. *Sellers v. High Point Mem'l Hosp., Inc.*, 97 N.C. App. 299, 388 S.E.2d 197 (1990) (dismissal with prejudice for six-month delay in service of summons was the appropriate sanction); *Melton v. Stamm*, 138 N.C. App. 314, 530 S.E.2d 622 (2000) (dismissal with prejudice for failure to serve defendant after serving alias and pluries summons for fourteen months before service). Plaintiff's delay in service of the complaint is unreasonable, if not also deliberate. The trial court's conclusions are supported by findings that are based upon competent evidence. *Cohen*, 208 N.C. App. at 498, 704 S.E.2d at 524.

## B. Prejudice to Defendant

¶ 30 Plaintiff argues the court's conclusion of law that Defendants would be prejudiced by having to participate in the suit is unsupported. Plaintiff contends no evidence tends to show attorney Hunter or Holt would have any information that is needed in the suit. "If witnesses die or disappear during a delay, the prejudice is obvious." *Barker v. Wingo*, 407 U.S. 514, 532, 33 L. Ed. 2d 101, 118 (1972).

¶ 31 The trial court found the delay prejudiced Defendants because, attorney Hunter had died and Holt had moved to Missouri. Had Plaintiff served Defendants within a reasonable amount of time, records would have been accessible and preserved, and attorney Hunter, Plaintiff's former attorney in the bankruptcy matter, may have been able to testify about the representation and proceedings. Plaintiff's

inordinate delays increased Defendants' costs and ability to preserve and present their defense to Plaintiff's claims. The trial court correctly concluded Plaintiff's inordinate delays in service prejudiced Defendants.

### C. Dismissal the Appropriate Sanction

Plaintiff argues the trial court's conclusion of law stating nothing short of dismissal with prejudice will suffice, is not supported by reason. Plaintiff does not offer any showing or support tending to show a lesser sanction would be appropriate under these circumstances.

"The trial court in its discretion found that no lesser sanction would better serve the interests of justice in this case. We find no basis for concluding that the trial court abused its discretion." *Sellers*, 97 N.C. App. at 303, 388 S.E.2d at 199 (dismissal under Rule 41(b) appropriate for six-month delay in service, where the delay was deliberate and unreasonable).

The trial court's choice of sanction was proper and certainly not an abuse of discretion. *Id*. A four-year delay in service, found to be deliberate and unreasonable, coupled with the death of attorney Hunter and moving of Holt out of state, prejudiced Defendants. *Barker*, 407 U.S. at 532, 33 L. Ed. 2d at 118.

### VI. Conclusion

The trial court correctly considered the *Wilder* factors and determined Plaintiff deliberately and unreasonably delayed service of process, and the delay had

prejudiced Defendants. The trial court did not err and certainly did not abuse its discretion in granting Defendants' motion to dismiss for failure to prosecute under Rule 41(b). Dismissal was the most appropriate sanction. *Id.* The trial court's order is affirmed. *It is so ordered.*

AFFIRMED.

Judges MURPHY and JACKSON concur.