IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-146

Filed 5 November 2024

Robeson County, No. 21CVS3254

PERCELL JONES, JR., Plaintiff,

v.

CATHOLIC CHARITIES OF THE DIOCESE OF RALEIGH, INC., THE FOUNDATION OF THE ROMAN CATHOLIC DIOCESE OF RALEIGH, INC.; ROMAN CATHOLIC DIOCESE OF RALEIGH, INC.; and ROMAN CATHOLIC CHURCH, Defendants.

Appeal by defendants from judgment entered 22 September 2022 by Judge R. Kent Harrell in Robeson County Superior Court. Heard in the Court of Appeals 9 October 2024.

> *Lanier Law Group, P.A., by Laurie J. Meilleur, and Robert O. Jenkins, for the plaintiff-appellant.*

> *Poyner & Spruill, LLP, by Steven B. Epstein, for the defendant-appellee.*

TYSON, Judge.

Percell Jones, Jr. ("Plaintiff") appeals from order entered 12 September 2022. We affirm.

## I. Background

Plaintiff filed a complaint against Catholic Charities of the Diocese of Raleigh, Inc. ("Catholic Charities") and the Roman Catholic Diocese of Raleigh ("Raleigh Diocese") (collectively "Defendants"), on 28 December 2021, alleging he was sexually

abused as a child by two priests from 1967 until 1969. Plaintiff's claims were filed pursuant to S.L. 2019-245, 2019 N.C. Sess. Laws 1231 ("SAFE Child Act"). The Robeson County Clerk of Court issued a summons the same day the complaint was filed. Plaintiff did not attempt to serve Defendants. Plaintiff's suit also named the Foundation of the Roman Catholic Diocese of Raleigh, Inc. and the Roman Catholic Church as defendants. Plaintiff voluntarily dismissed his claims against the Foundation of the Roman Catholic Diocese of Raleigh, Inc. and the Roman Catholic Church on 26 August 2022.

Plaintiff sought an alias and pluries summons, which was issued on 8 March 2022. Plaintiff did not serve this alias and pluries summons or the complaint on Defendants. Plaintiff sought a second alias and pluries summons, which issued on 2 June 2022. Plaintiff served the second alias and pluries summons on Raleigh Diocese on 27 June 2022 and on Catholic Charities on 28 June 2022.

Plaintiff's counsel had previously and successfully served Defendants with summonses and complaints for other actions under the SAFE Child Act. Defendants filed a motion to dismiss pursuant to Rules 12(b)(6) and 41 of the North Carolina Rules of Civil Procedure on 25 July 2022. *See* N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 41 (2023).

Following a hearing, the trial court allowed Defendants' motion to dismiss with prejudice and entered an order on 12 September 2022. Plaintiff appeals.

## II.  Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023).

### III.    Issue

Plaintiff argues the trial court erred in granting Defendants' motion to dismiss for failure to prosecute under N.C. Gen. Stat. § 1A-1, Rule 41(b).  N.C. Gen. Stat. § 1A-1, Rule 41(b) (2023).

### IV.    Standard of Review

"The standard of review for a Rule 41(b) dismissal is (1) whether the findings of fact by the trial court are supported by competent evidence, and (2) whether the findings of fact support the trial court's conclusions of law and its judgment."  *Cohen v. McLawhorn*, 208 N.C. App. 492, 498, 704 S.E.2d 519, 524 (2010) (citation and internal quotation marks omitted).  "Unchallenged findings of fact are presumed to be supported by competent evidence, and are binding on appeal." *Id.* (citations and internal quotation marks omitted).  If competent evidence supports the findings, they are binding upon appeal. *Starco, Inc. v. AMG Bonding and Ins. Servs., Inc.*, 124 N.C. App. 332, 335, 477 S.E.2d 211, 214 (1996) (citation omitted).

"[I]n reviewing the appropriateness of the particular sanction imposed, an abuse of discretion standard is proper because the rule's provision that the court shall impose sanctions for motions abuses concentrates the court's discretion on the *selection* of an appropriate sanction rather than on the *decision* to impose sanctions." *Egelhof v. Szulik*, 193 N.C. App. 612, 619, 668 S.E.2d 367, 372 (2008) (*quoting Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989)).  The trial court's

"conclusions of law are reviewable *de novo* on appeal." *Starco*, 124 N.C. App. at 336, 477 S.E.2d at 215 (citation omitted).

## V.    Failure to Prosecute

Plaintiff argues the trial court erred in granting Defendants' motion to dismiss for failure to prosecute pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b).  Rule 41(b) provides, in relevant part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him."  N.C. Gen. Stat. § 1A-1, Rule 41(b).

Prior to dismissing a claim for failure to prosecute, the trial court is to determine three factors: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and[,] (3) the reason, if one exists, that sanctions short of dismissal would not suffice."  *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001).

Plaintiff asserts no evidence tends to show he intended to thwart or delay service or prosecuting the matter, there was no unreasonable delay, Defendants would not be prejudiced, and the trial court did not consider other lesser sanctions.

## A.  Deliberate Delay

Plaintiff argues he did not deliberately delay the matter by failing to serve the complaint to Defendants for over six months after issuance of the complaint and issuance of three separate summons.  N.C. Gen. Stat. § 1A-1, Rule 4(a) mandates:

"The complaint and summons shall be delivered to some proper person for service." N.C. Gen. Stat. § 1A-1, Rule 4(a) (2023).

Plaintiff extended the time allowed for service twice by serving alias and pluries summonses until they served Defendants. Our Supreme Court has recognized alias and pluries summons are an appropriate tool for extending the time for service, yet also determined delays of service for less than a year have been deliberate and unreasonable. *See Smith v. Quinn*, 324 N.C. 316, 319, 378 S.E.2d 28, 30 (1989).

In *Smith*, our Supreme Court determined an eight-month delay by use of alias and pluries summons was a violation of the spirit of the rules of civil procedure for the purpose of delay or obtaining an unfair advantage. *Id.* The plaintiff filed a complaint for an alleged injury resulting from a fall on the defendant's property. *Id.* at 317, 378 S.E.2d at 29. She used alias and pluries summons to delay service for over eight months. *Id.*

Our Supreme Court reasoned the failure to serve the defendant for eight months prevented the defendant from critical knowledge of the alleged incident, which had occurred three years prior. *Id.* at 317, 378 S.E.2d at 30. The Court held dismissal "pursuant to Rule 41(b) based upon plaintiff's violation of Rule 4(a) for the purposes of delay and in order to gain an unfair advantage over the defendant" was appropriate. *Id.* at 319, 378 S.E.2d at 31.

This Court has also held a six-month unexplained delay in service also necessitates dismissal under Rule 41. *See Sellers v. High Point Mem. Hosp.*, 97 N.C.

App. 299, 388 S.E.2d 197 (1990).

Plaintiff delayed service for over six months post-filing. The six-month delay prevented Defendants' knowledge of the pending suit on a nearly sixty-year-old claim. No attempt was made to serve the initial summons or complaint *or* the first alias and pluries summons.

Plaintiff did not have any issue locating Defendants. Plaintiff's counsel had served Defendants in four other actions under the SAFE Child Act, including one filed in the same county 32 minutes prior to this action. Sufficient evidence of intent to delay existed for the trial court to dismiss. Plaintiff's argument is overruled.

## B. Unreasonable Delay

Plaintiff argues no unreasonable delay occurred, because the case would have been stayed while the constitutionality of the SAFE Child Act was decided. Other than a citation to *Wilder*, Plaintiff has not provided authority to support his argument, asserting no unreasonable delay occurred, because other pending SAFE Child Act cases were stayed pending constitutional challenge. Defendants assert they were not aware of this claim while preparing to defend against other pending cases brought under the SAFE Child Act. Plaintiff's argument is dismissed.

## C. Prejudice to Defendants

Plaintiff argues the trial court erred in finding Defendants would be prejudiced by having to participate in the suit. Plaintiff contends prejudice cannot be presumed based on a lack of immediate notice of this claim.

While this assertion may be true, the trial court specifically found the delay had prejudiced Defendants. Plaintiff's delays increased Defendants' time to investigate the claims and preserve evidence on the nearly sixty-year-old time-barred, but statutorily revived claims. Plaintiff's delays increased Defendants' costs and ability to preserve and present their defenses to Plaintiff's revived claims. The trial court could properly conclude Plaintiff's unexplained delays in service prejudiced Defendants. *Sellers,* 97 N.C. App. at 302, 388 S.E.2d at 198.

### D. Dismissal as the Appropriate Sanction

Plaintiff argues the trial court's conclusion of law, stating no other sanction short of dismissal with prejudice will suffice, is erroneous. Plaintiff does not offer any showing or support tending to show a lesser sanction would be appropriate under these circumstances.

"The trial court in its discretion found that no lesser sanction would better serve the interests of justice in this case. We find no basis for concluding that the trial court abused its discretion." *Id.* at 303, 388 S.E.2d at 199 (citation omitted). The trial court's discretionary choice of sanction was properly authorized and is not shown to be an abuse of discretion. *Id.*

### VI. Conclusion

The trial court properly found Plaintiff's unexplained delays in service of the complaint was unreasonable, if not also deliberate. The trial court's conclusions are supported by findings based upon competent evidence.

The trial court correctly concluded Plaintiff had deliberately and unreasonably delayed service of process, and the unexplained delay had prejudiced Defendants. The trial court did not err nor abuse its discretion in concluding dismissal was the most appropriate sanction and granting Defendants' motion to dismiss for failure to prosecute under Rule 41(b). N.C. Gen. Stat. § 1A-1, Rule 41(b). The trial court's order is affirmed. *It is so ordered.*

AFFIRMED.

Judges GORE and FLOOD concur.